THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH EDWARDS, Defendant-Appellant.

(No. 72-291;

Fifth District—January 23, 1974.

*Rehearing denied April 18, 1974.*

Robert E. Farrell, Deputy Defender, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (James W. Jerz and Edward N. Morris, of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

On a negotiated plea of guilty in the Circuit Court of Madison County defendant was convicted of burglary and sentenced to the penitentiary for a term of not less than two nor more than four years. His sole contention on appeal is that his minimum sentence was excessive.

Burglary is a Class 2 felony and under the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, sec. 1005—8—1(c) (3)), which is applicable here, it is provided:

> "* * * (3) for a Class 2 felony, the minimum term shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of defendant, sets a higher minimum term, which shall not be greater than one-third of the maximum term set in that case by the court."

Defendant contends that in compliance with the Code his minimum sentence should be reduced to one year, or, in the alternative, his sentence should be vacated and the cause remanded for resentencing after a presentence investigation. He argues that his minimum sentence cannot be set at more than one year without a specific finding that "the nature and circumstances of the offense and the history and character of defendant" justifies a higher minimum. As a further alternative, defendant requests that in any event his minimum sentence should be reduced to one year and four months, which is one-third the maximum. The State joins in defendant's latter request, but opposes his first two alternatives.

■■ Defendant has not cited any authority, nor have we found any, requiring justification for a sentence imposed in compliance with previous plea negotiations. Here, prior to acceptance of defendant's plea, he was fully admonished as to his rights and he concurred in the State's recommended sentence of two to four years. Further, there is no contention that he did not specifically and understandingly waive his right to a probation hearing and his right to a hearing in mitigation. In effect, he voluntarily accepted a minimum sentence of two years and thereby recognized and admitted that such sentence was fair and justified in the light of the nature of his offense and his own history and character. Under such circumstances we find no reason for an investigation and specific finding on these matters to justify a minimum sentence of one year and four months when it has already been agreed and accepted by

defendant that his conduct warranted an even higher minimum of two years.

■■ Accordingly, defendant's sentence is hereby modified to a minimum of one year and four months and a maximum of four years, thereby complying with the Code providing that a minimum sentence shall not exceed one-third of the maximum.

The judgment of the Circuit Court of Madison County is affirmed as modified.

Affirmed as modified.

G. MORAN, P. J., and EBERSPACHER, J., concur.