THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH R. MELVIN, Defendant-Appellant.

(No. 73-374;

Fifth District—March 26, 1975.

Robert E. Farrell and Margaret Maxwell, both of State Appellate Defender's Office, of Mount Vernon, for appellant.

Loren P. Lewis, State's Attorney, of Benton, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Kenneth R. Melvin, from a judgment of the circuit court of Franklin County entered upon his plea of guilty to the offense of robbery. The defendant was sentenced to not less than 3 nor more than 9 years' imprisonment.

The defendant contends that the trial court failed to comply with Supreme Court Rule 402(a)(1) before accepting his plea of guilty and that the trial court erred in permitting the defendant to waive the sentencing hearing as part of the negotiated plea.

■■ The defendant's first contention is that the trial court's alleged failure to inform defendant of the nature of the charge constituted non-compliance with Supreme Court Rule 402(a)(1). As authority for this contention defendant cites *People v. Hudson*, 7 Ill.App.3d 800, 288 N.E. 2d 533, wherein we said,

> "The crux of the requirement of Rule 402(a)(1) is *understanding*. The nature of a charge consists of two parts: (1) The acts and intent (if any) required to constitute a violation of the provisions of the criminal code, and (2) the alleged acts and intent (if any) with which the alleged acts were committed which are attributed to the defendant in the particular case. These two parts should be explained by the judge to the defendant in open court in laymen's terms. The judge should proceed no further until he is completely satisfied from the defendant's personal remarks in open court that he understands the explanation." (7 Ill.App.3d 800, 802.)

Although the "crux" of Rule 402(a)(1) is *understanding,* we note that the rule only requires substantial, not literal, compliance with its provisions and that the *entire* record may be considered in determining whether or not there was an understanding by the accused of the nature of the charge. *People v. Krantz,* 58 Ill.2d 187, 317 N.E.2d 559.

The instant record reveals the following sequence of events. The defendant was furnished with a copy of an information, charging that he,

"KENNETH RUSSELL MELVIN committed the offense of ARMED ROBBERY in that he did while armed with a dangerous weapon, a knife, take property being an undetermined amount of United States Currrency from the presence of another, to wit: Clara Georgieff, doing business as Dobry's Store, Zeigler, Illinois, by threatening the imminent use of force * * *."

A preliminary hearing was conducted on December 27, 1972. At a proceeding conducted on April 27, 1973, the defendant was asked if he would waive indictment. He responded, "Your Honor, my personal feeling is that any proceeding which would tend to require the prosecution to show just cause would be in favor of my defense and, therefore, I request that you proceed by formal indictment." In response to the court's inquiry, "How far did you go in school?", the defendant replied, "Your Honor, my formal education put me through my senior year in high school. I was one credit short at that time and I took the General Equivalency Exam and through further study have acquired enough credits to qualify me for second year in college." On June 25, 1973, a formal arraignment was conducted. At such time the defendant was furnished a copy of the bill of indictment, which charged that the defendant did "knowingly" commit the acts which had been charged in the information. The trial court made the following inquiry, "Now, you have a copy of the information [*sic*] and you have read it, and is it necessary for me to read it to you, do you think you understand it sufficiently?" The defendant responded, "I think so, Your Honor." The trial court then asked defense counsel, "Would you, Mr. Giacone, would you like to have a little time with your client to pursue it a little further, or do you think as he says, he understands it pretty well?" The defense counsel replied, "I believe he understands it." The defendant then entered a plea of "Not guilty."

Further proceedings were conducted on August 1, 1973. At such proceedings the trial court was advised that pursuant to negotiations entered into between the State's attorney and the defendant, the defendant wished to enter a plea of guilty. The State's attorney stated that said negotiations were based on the proposition that the defendant would plead guilty to the lesser included offense of plain robbery in violation of section 18—1

of the Criminal Code (Ill. Rev. Stat., ch. 38, par. 18—1), whereas, both the information and the indictment charged defendant with armed robbery in violation of section 18—2. Subsequently, the trial court advised the defendant:

> "All right now, a violation of Section 18—1 of the Criminal Code, and Mr. Melvin, a person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force. Sentence, robbery is a Class 2 felony. Now, do you understand this charge?"

The defendant answered, "Yes, sir." The State's attorney then reiterated the plea agreement which included the dismissal, by *nolle prosequi*, of certain other pending charges and a recommended sentence of 3 to 9 years imprisonment. The defendant then stated, "I understood, my further understanding was the Prosecutor, though not having any technical legal say in the matter, would do what he could to see to it that my Wisconsin parole be transferred to Illinois jurisdiction." Thereafter the defense attorney presented the following factual basis, "on October 27, 1973, at approximately 8:15 o'clock P.M. Kenneth Melvin did enter into a grocery store known as Dobry's Store in Zeigler, Illinois, and whereupon he made a request for any money that might be present and at that time was armed with a knife, and at that time a scuffle ensued, and the defendant raced out of the building, the establishment. * * * The defendant suffered a gunshot wound in the leg from the proprietor of the store * * *." Upon being reminded by the State's attorney, defense counsel also added that a certain amount of currency was taken. After the State's attorney repeated the factual basis, the trial court proceeded to admonish the defendant regarding his rights. At the conclusion of these admonitions the trial court inquired whether the defendant had "any questions." The defendant replied, "Not that I can think of."

■■ The preceding review reveals that the defendant is an intelligent man who was cognizant of his rights and not the least bit hesitant to clarify any oversights, ambiguities or misunderstandings. It is also evident from this record that the defendant understood the nature and consequences of the plea negotiations and was fully aware of the nature of the charge to which he entered his plea of guilty. Consequently, upon this record, we judge that the trial court satisfied the requirements of Rule 402 in informing the accused of and determining that he understood the nature of the charges him. See *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.

The defendant's sole remaining contention is that a sentencing hearing is mandatory under the Unified Code of Corrections and that, therefore,

the trial court erred in permitting the defendant to waive such a hearing as part of his plea negotiations.

Section 1005—4—1(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—1(a)) provides: "After a determination of guilt, a hearing shall be held to impose the sentence." In the Council Commentary following this provision it is stated that this section "clears up any ambiguity in the case law and makes this hearing mandatory whether requested by the defendant or not." (Ill. Ann. Stat. ch. 38, § 1005 —4—1(a), Council Commentary (Smith-Hurd 1973).) However, neither the statutory language nor the Council Commentary specifically answers the question of whether or not a defendant may expressly waive the sentencing hearing. We also note that no reference is made to the effect of negotiated pleas.

The language of section 1005—4—1(a) of the Code simply provides for a "mandatory" sentencing hearing "[a]fter a *determination* of guilt * * *." (Emphasis added.) However, in a negotiated plea situation the defendant *confesses* guilt, and his guilt is *not determined* by the trier of fact. A further examination of that section leads us to the conclusion that its drafters did not intend that a mandatory sentencing hearing be conducted after the entry of a negotiated plea.

■■ In a negotiated plea situation, a defendant confesses his guilt in reliance on what he considers as concessions to him, being either fulfilled or promised by the State. It is he who voluntarily considers the nature and circumstances of the offense and the history and character of the defendant and exercises his choice to avoid standing trial and to avoid having those factors considered by some one else in the determination of the sentence. Consequently, we hold that a negotiated plea may, by its own terms, waive the sentencing hearing which is "mandatory" in those cases which involve a *determination* of guilt.

Having found no merit in either of the defendant's contentions, we affirm the judgment and sentence entered by the circuit court of Franklin County.

Judgment affirmed.

G. MORAN and CARTER, JJ., concur.