THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY EUGENE WHITEHEAD, Defendant-Appellant.

(No. 74-242;

Fifth District—October 10, 1975.

Stephen P. Hurley and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Myra J. Brown, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

The defendant-appellant, Larry E. Whitehead, pled guilty to the offense of burglary on November 6, 1973. At a later proceeding, on February 11, 1974, the defendant was allowed to withdraw his plea of guilty because a factual basis had not been presented to the court in the earlier proceeding. A factual basis was set forth in the record and the court again accepted the defendant's negotiated plea. As agreed, the State again recommended a sentence of from 1 to 3 years' imprisonment.

At a presentence hearing on February 25, 1974, the court ordered that sentencing be deferred pending an examination and interview by the Teen Challenge representative. (Teen Challenge is a religiously oriented drug rehabilitation program.) On March 25, 1974, the court again continued sentencing and released the defendant on bond to the custody of the Teen Challenge program. Three days later, on March 28, 1974, the court was notified that the defendant had escaped from the Teen Chal-

lenge facility and stolen an automobile. Thereafter on June 3, 1974, the court sentenced the defendant to 3 to 9 years' imprisonment.

■■ The defendant first contends on appeal that the trial court committed reversible error when it failed to inform the defendant of the mandatory parole term prior to accepting his guilty plea. This argument was decided adversely to defendant by the Illinois Supreme Court in its supplemental opinion upon denial of petition for rehearing in *People v. Wills*, 61 Ill.2d 105, 330 N.6.2d 505, wherein it was held that the requirement of the admonition concerning the period of mandatory parole applies prospectively to guilty pleas taken after May 19, 1975.

■■ Secondly, the defendant contends that the sentencing judge deprived the defendant of due process of law when he imposed a minimum sentence of 3 years for a Class 2 felony without stating on the record the evidence relied upon and the reasons behind his decision that the history and character of the defendant and the circumstances of the offense required the sentence in excess of the minimum.

Article I, section 11 of the Illinois Constitution of 1970 states:

> "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship."

Section 5—8—1(c) of the Unified Code of Corrections requires that the minimum term be set,

> "(3) for a Class 2 felony, the minimum term shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of defendant, sets a higher minimum term, which shall not be greater than one-third of the maximum term set in that case by the court." (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(c).)

Both the Illinois Constitution and the Unified Code of Corrections require that a criminal sanction be proportioned to the offense and the offender.

Since defendant entered a negotiated plea of guilty he voluntarily accepted a minimum sentence in excess of the statutory minimum and thereby recognized and admitted that such sentence was fair and justified in the light of his history and character and the nature and circumstances of the offense. (*People v. Melvin*, 27 Ill.App.3d 269, 327 N.E.2d 139; *People v. Edwards*, 18 Ill.App.3d 379, 309 N.E.2d 713.) But even if defendant had been convicted after a trial, rather than on his plea of guilty, there is no requirement that the trial judge make any specific statement as to the factors considered in imposing a sentence in excess of the statutory minimum where the record discloses factors which justify the greater sentence and it appears that the trial court did con-

sider them in imposing the sentence. *People v. Taylor,* 25 Ill.App.3d 396, 323 N.E.2d 388; *People v. Butler,* 21 Ill.App.3d 331, 315 N.E.2d 144.

Here, a presentence report was prepared and several sentence hearings held. From both sources the court learned that the defendant had previously been convicted of auto theft in Missouri and had served 17 months, 9 days on his 2-year sentence. The prehearing report also indicated an adjudication of delinquency for burglary and theft and a subsequent commitment to two juvenile facilities, including Pere Marquette Camp from which he left without permission. The trial court referred on the record to the presentence report and exhibited his knowledge of it by the questions asked the defendant during the hearing in aggravation and mitigation on February 15, 1974. The court ordered a presentence report and arranged for the defendant to speak with a representative of Teen Challenge. The court also agreed to allow the defendant to enroll in the Teen Challenge program for the 3-month induction period. He deferred sentencing. After only 3 days in the Teen Challenge Program in Missouri, the defendant left, stole a car, and returned to his home in Illinois.

The record indicates no abuse of discretion in sentencing the defendant, for it appears that the judge properly considered the nature and circumstances of the offense and the history and character of the defendant before imposing sentence.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

G. MORAN and EBERSPACHER, JJ., concur.