THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM R. COOPER, Defendant-Appellant.

(No. 74-189;

Fifth District—October 16, 1975.

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert F. A. Stocke, State's Attorney, of Louisville (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Defendant-appellant, William R. Cooper, was charged by informations in Clay County with having committed two burglaries and by indictment in Marion County with having committed a third burglary. All three burglaries were alleged to have been committed on the same day. Pursuant to plea negotiations the defendant pled guilty in Clay County to all three charges and was sentenced, as recommended by the State's Attorney, to three concurrent sentences of 3 to 9 years.

On March 7, 1974, the defendant appeared before the circuit court of Marion County and was advised that he had been charged by information with burglary of the Sandoval Country Store. After advising the defendant of his various rights the court determined him indigent and ordered appointment of counsel. On March 18, 1974, defendant appeared with counsel for a preliminary hearing. Probable cause was shown and the defendant was bound over to the Marion County grand jury. On March 28, 1974, the grand jury returned an indictment for the burglary.

On March 25, 1974, the defendant appeared before the circuit court of Clay County and was advised that he had been charged by informa-

tions with burglary of the Clay City Lumber Company and with burglary of Kenny's Appliance Store. At the beginning of the proceedings the State's Attorney advised the court that he had discussed the matter with the defendant and that they had negotiated a plea whereby the defendant would plead guilty in Clay County to all three of the charges brought against him in the two counties.

The court advised the defendant of the nature of the two charges then before the circuit court of Clay County, that each offense carried a minimum sentence of 1 year and a maximum sentence of up to 20 years, and that the statute provided that the most severe minimum sentence on each offense could be up to 6⅔ years. The court also advised the defendant of his various rights under Supreme Court Rules 401 and 402 (Ill. Rev. Stat., ch. 110A, §§ 401, 402), including his right to counsel, and his right to have counsel appointed if he was indigent. The defendant expressed his understanding of the various admonishments and expressed his desire to waive his rights and to plead guilty.

The court determined the pleas to be knowing and voluntary and determined that a factual basis existed for the two charges then before the circuit court of Clay County. The court then advised the defendant of his right to a presentence investigation, a presentence report, and a sentence hearing and asked the defendant if he wished to waive the presentence investigation and report. The defendant expressed his desire to waive the investigation and the report. The court did not expressly ask the defendant if he wished to waive the sentence hearing.

Thereafter the court accepted the guilty plea and sentenced the defendant to two concurrent sentences of 3 to 9 years. After accepting the guilty plea to the two charges before it, the court questioned the defendant about his request to have the charge pending in Marion County transferred to Clay County. The court advised the defendant that such transfer was not required but that it could be accomplished under section 5—4—2 of the Unified Code of Correction (Ill. Rev. Stat. 1973, ch. 38, § 1005—4—2), if the defendant so desired. The defendant expressed his desire to have the Marion County charge so transferred so that he could plead guilty to it also, and have a concurrent sentence imposed. Mittimus on the two imposed sentences was stayed pending transfer of the cause from Marion County.

One week later, April 1, 1974, defendant again appeared before the circuit court of Clay County. He was not represented by counsel. The court asked the defendant if he recalled the various admonishments made at the March 25, 1974, hearing, and the defendant responded that he did. The court then proceeded to readmonish the defendant of his rights. The court asked the defendant if he understood his right to counsel

and his right to have counsel appointed, and the defendant responded that he did. The court did not question the defendant about the absence of the attorney who had been appointed in Marion County nor did the court expressly ask the defendant if he wished to waive his right to counsel.

The defendant was told that the charge then before the court carried a minimum sentence of 1 year and a maximum of up to 20 years and that the minimum sentence imposed by the court could be as much as one-third of the maximum, or up to 6⅔ years, "if the court finds the nature of your background or your case warrants it." After the State's Attorney reiterated to the court the terms of the plea negotiations and stated the factual basis for the plea, the court accepted the plea and sentenced the defendant to a third concurrent sentence of 3 to 9 years.

The defendant raises four issues on this appeal: (1) whether the pleas of guilty were not knowing and voluntary because the defendant was not advised of the mandatory parole terms for each conviction; (2) whether the defendant made a knowing and intelligent waiver of his right to counsel during the April 1, 1974, proceeding; (3) whether the trial court erred in failing to conduct a sentence hearing; and (4) whether the trial court, in imposing greater than 1-year minimum sentences on each of the felony convictions failed to give adequate consideration to the nature and circumstances of each offense and to the history and character of the defendant.

■■ Defendant's first argument was decided adversely to defendant by the Illinois Supreme Court in its supplemental opinion upon denial of petition for rehearing in *People v. Wills*, 61 Ill.2d 105, 330 N.E.2d 505, wherein it was held that the requirement of the admonition concerning the period of mandatory parole applies prospectively only to guilty pleas taken after May 19, 1975.

The defendant's next contention is that he did not make a knowing and intelligent waiver of his right to counsel during the April 1, 1974, proceeding. Although the defendant had been appointed counsel by the circuit court of Marion County before the cause was transferred to Clay County, there is nothing in the record to indicate that the appointed counsel had concurred in the plea negotiations or advised the defendant to consent to transfer of the cause. The appointed counsel did not appear before the Clay County circuit court during the April 1 proceedings, and there is nothing in the record which indicates that the Clay County circuit court was aware that counsel had been appointed in Marion County or that the defendant was aware that the attorney appointed in Marion County could represent him in Clay County.

■■ The April 1 proceeding was a "critical stage" with respect to the transferred cause, regardless of the negotiated guilty pleas made the week before, so that a specific offer of and a knowing and understanding rejection of the right to counsel was required before a waiver can be found under the rule of *People v. Hessenauer*, 45 Ill.2d 63, 256 N.E.2d 791, and our recently decided case of *People v. Kerner*, 32 Ill.App.3d 676, 336 N.E.2d 65, which contains an extended discussion of the question that will not be repeated here. Accordingly, case number 74-CF-38, transferred from Marion County to Clay County, will be reversed and remanded to afford defendant to plead anew after being advised, among other things, of his right to counsel.

■■ The defendant next contends that the court erred in not conducting a sentence hearing. In the recent opinion of *People v. Melvin*, 27 Ill.App. 3d 269, 327 N.E.2d 139, this court specifically rejected precisely the same contention. In *Melvin* this court said that a sentence hearing is mandatory under section 5—4—1(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—4—1(a)) only in those cases involving a *determination* of guilt; a negotiated guilty plea does not involve a *determination* of guilt as contemplated by that statute. Consequently, a guilty plea may, by its own terms, waive the sentencing hearing. The defendant in the instant case, as did the defendant in Melvin, waived his right to a sentence hearing by the terms of the negotiated plea.

■■ Finally, the defendant contends that the trial court erred in sentencing by failing to give adequate consideration to the nature and circumstances of each offense and to the character and history of the defendant. Since defendant entered a negotiated plea of guilty he voluntarily accepted a minimum sentence in excess of the statutory minimum and thereby recognized and admitted that such sentence was fair and justified in the light of his history and character and the nature and circumstances of the offense. *People v. Melvin*, 27 Ill.App.3d 269, 327 N.E.2d 139; *People v. Edwards*, 18 Ill.App.3d 379, 309 N.E.2d 713; *People v. Whitehead*, 32 Ill.App.3d 615, 336 N.E.2d 59.

Judgment in Case No. 74-CF-38 reversed and remanded; judgment in Case No. 74-CF-9 and Case No. 74-CF-10 affirmed.

EBERSPACHER and G. MORAN, JJ., concur.