(Nos. 48829, 49383 cons.—■■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DOUGLAS STACEY, Appellant.—THE PEOPLE ·OF THE STATE OF ILLINOIS, ·Appellee, v. RUSSELL BRYANT, Appellant.

*Opinion filed Oct. 5, 1977.—Rehearing denied Nov. 23, 1977.*

262

GOLDENHERSH, J., dissenting.

Michael J. Rosborough, Deputy Defender, and Ann Hilbert Blandford and Randy E. Blue, Assistant Defenders, of the Office of the State Appellate Defender, of Mt. Vernon, for appellant.

William J. Scott, Attorney General, of Springfield (Donald Mackay and Timothy B. Newitt, Assistant Attorneys General, of Chicago, of counsel), for the People.

Michael J. Rosborough, Deputy Defender, and Randy E. Blue, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellant.

William J. Scott, Attorney General, of Springfield (Donald B. Mackay and Timothy B. Newitt, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE DOOLEY delivered the opinion of the court:

The question for decision is whether a defendant, sentenced on a plea of guilty, who wishes to appeal only the sentence entered thereon must, pursuant to Rule 604(d) (58 Ill. 2d R. 604(d)), file a motion to withdraw his plea and vacate the judgment entered thereon prior to undertaking an appeal.

These consolidated appeals present this issue. In each case the appellate court dismissed the appeal. We granted leave to appeal pursuant to Rule 315 (58 Ill. 2d R. 315).

In cause No. 48829, defendant, Douglas Stacey, on June 2, 1975, pursuant to a plea agreement, entered a plea of guilty to the offense of robbery. He had originally been indicted for armed robbery. On August 26, 1975, a sentence was imposed. The judge advised Stacey in open court that if he desired to appeal, he must first file a motion to vacate the judgment entered on the plea of guilty within 30 days of that date. On September 26, 1975, 31 days later, Stacey filed a letter with the clerk of the circuit court expressing his desire to appeal. On September 29, 1975, 34 days after the judgment, a notice of appeal was filed, and the public defender was appointed to represent Stacey. At no time was any motion made to either withdraw the plea or to vacate the judgment. A motion was made in the appellate court to dismiss the appeal for failure to comply with Rule 604(d), and it was granted.

In cause No. 49383, defendant, Russell Bryant, entered a plea of guilty on July 28, 1975, pursuant to an agreement with the State to modify certain charges. At the time of sentencing the court advised Bryant of the

necessity of filing a motion under Rule 604(d) to vacate the judgment entered on the plea within 30 days. On August 6, 1975, Bryant filed a motion to reduce the sentence. It was denied on August 25, 1975. Bryant appealed from the denial of this motion. That appeal was dismissed for failure to comply with Rule 604(d). 45 Ill. App. 3d 428.

It is to be noted that in the case of Bryant a motion was filed to reduce or modify the sentence within 30 days, presumably pursuant to section 5—8—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(d)). Stacey filed no such motion. This fact, however, does not alter in any wise the two cases.

Supreme Court Rule 604(d) provides:

> "Appeal by Defendant from a Judgment Entered upon a Plea of Guilty. No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing and shall state the grounds therefor. When the motion is based on facts that do not appear of record it shall be supported by affidavit. The motion shall be presented promptly to the trial judge by whom the defendant was sentenced, and if that judge is then not sitting in the court in which the judgment was entered, then to the chief judge of the circuit, or to such other judge as the chief judge shall designate. ***" 58 Ill. 2d R. 604(d).

In *People v. Frey* (1977), 67 Ill. 2d 77, we recently upheld the requirement of Rule 604(d) that a defendant convicted on a plea of guilty must first file a timely motion in the trial court to withdraw his plea as a condition to appealing his conviction. In the three appeals considered in *Frey* the defendants' claims were that their pleas of guilty were coerced, or had resulted from inadequate representation by appointed counsel or from a promise by the prosecution which had not been fulfilled.

Our decision in *Frey* was premised in part on the thesis that challenges to the voluntariness of a guilty plea should be addressed in the first instance to the trial court because such challenges involve evidence by the parties to a negotiated plea. A similar procedure is followed in the Federal courts under Rule 32(d) of the Federal Rules of Criminal Procedure. (See *United States v. Briscoe* (8th Cir. 1970), 428 F.2d 954, 956; *United States v. Mims* (8th Cir. 1971), 440 F.2d 643.) We agree, however, that Rule 604(d) is unique to Illinois, and our research fails to show any other jurisdiction with a rule substantially the same.

In the present case defendants do not allege that their pleas of guilty ·were not voluntarily made; they do not assert that the prosecution promised to recommend a lesser sentence than that given; they do not assert that their sentences exceeded what is permissible under the applicable provisions of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 1—1 *et seq.*); and they do not claim that the trial judge misled them into believing that they would receive a lesser sentence than that which was imposed.

In entering into the plea agreement, the defendants recognized that in consideration of the State's dismissal or modification of charges, they would plead guilty to a certain specific charge or charges and accept what punishment the court might impose. The State also agreed to the dismissal or modification of charges. It was a bargain into which the People and the defendants freely entered. The defendants and the State are equally bound to adhere to this agreement. To permit a defendant to appeal only the sentence without removing the plea would vitiate the agreement he entered into with the State. Nonetheless, defendants urge that the application of Rule 604(d), as applied here, constitutes a denial of equal protection and due process of law. They state that a defendant who pleads not guilty but is convicted may appeal, attacking only the

sentence imposed and not the verdict of the jury. To compel a defendant who pleads guilty to vacate his plea before seeking a review of his sentence is, they urge, violative of the fourteenth amendment.

It is true Rule 604(d) does establish different procedural requisites for defendants who plead guilty and wish to appeal from those applicable to defendants appealing after being convicted by a jury. There is, however, a rational basis for such a distinction. When a defendant seeks a negotiated plea of guilty, he usually agrees to plead guilty to a lesser charge than that in the indictment. The State agrees to accept the lesser plea. As a part of such an agreement the defendant implicitly undertakes to accept the sentence of the court and to admit that the sentence is fair and justified under the circumstances of the case. (*People v. Whitehead* (1975), 32 Ill. App. 3d 615, 616; *People v. Melvin* (1975), 27 Ill. App. 3d 269, 273; *People v. Edwards* (1974), 18 Ill. App. 3d 379, 380.) This agreement applies to both a negotiated and nonnegotiated sentence imposed after a plea of guilty. Rule 604(d) makes no distinction between the two.

Moreover, the circumstances surrounding the entry of a judgment after a plea of guilty differ from those found in a judgment entered after trial by jury. Upon the voluntary entry of a plea of guilty in exchange for a modification or dismissal of certain charges, the State has a distinct interest to protect. This interest differs when a defendant is convicted after trial by jury.

Before Rule 604(d) can be unconstitutional in operation, it must distinguish between indefinable classes of criminal defendants. *Rinaldi v. Yeager* (1966), 384 U.S. 305, 309, 16 L. Ed. 2d 577, 580, 86 S. Ct. 1497, 1500.

As we have observed, Rule 604(d) is more than a simple procedural step. It is one which goes to the heart of the agreement entered into between the People and the defendant. To allow the defendant to appeal by attacking

only the sentence would make for the unwholesome situation of the accused, through negotiation with the State, obtaining modification or dismissal of the more serious charges, entering a plea of guilty, and then attacking not his admission of the crime but only the sentence imposed.

Procedural rules are binding upon defendants in criminal cases. Thus, a defendant is precluded from raising on appeal other objections than those raised at the instruction conference. (58 Ill. 2d R. 451(c); *People v. Lyons* (1967), 36 Ill. 2d 336, 339; *People v. Cavaness* (1960), 21 Ill. 2d 46, 51.) So also his post-trial motion in a jury case must be timely filed (Ill. Rev. Stat. 1975, ch. 38, par. 116–1(b); *People v. Colletti* (1971), 48 Ill. 2d 135, 137), as must his notice of appeal from an adverse judgment (58 Ill. 2d R. 606(b); *People v. Willingham* (1976), 38 Ill. App. 3d 612, 613).

It was a condition precedent to an appeal by these defendants that Rule 604(d) be followed. So also, they were aware of this fact.

The judgment of the appellate court in cause No. 48829 is affirmed, and the judgment of the appellate court in cause No. 49383 is affirmed.

*Judgments affirmed.*

MR. JUSTICE GOLDENHERSH, dissenting:

I dissent. To hold that a defendant is required to seek leave to withdraw his plea of guilty in order to obtain review of the sentence imposed serves to defeat the purpose which Rule 604(d) was designed to accomplish.

Rule 604(d) was adopted for the reason that a substantial percentage of the appeals in criminal cases were from judgments entered upon pleas of guilty and it was suggested that, given an opportunity so to do, the circuit courts would correct errors which might have occurred in the course of the taking of a plea of guilty and the entry of

judgment. The records of the appellate court show that the rule has effected a substantial reduction in the number of appeals taken from pleas of guilty.

The majority treats a negotiated plea as though it were a commercial transaction governed by principles of contract law and appears to look upon an appeal which seeks review of the sentence as an impermissible effort to rescind the agreement. I agree with the majority that "the State has a distinct interest to protect" (68 Ill. 2d at 266), but that interest is protected " 'whenever justice is done its citizens in the courts' " (*Brady v. Maryland,* 373 U.S. 85, 87, 10 L. Ed. 2d 215, 219, 83 S. Ct. 1194, 1197). Protection of that interest requires that sentences be determined in accordance with the applicable constitutional and statutory provisions and that they be reviewable for error, not solely abuse of discretion.

I have recently had occasion to point out the problems which arise when trial courts are vested with virtually nonreviewable discretion in sentencing. (See dissent in *People v. Perruquet,* 68 Ill. 2d 149.) To hold that a defendant implicitly "undertakes to accept the sentence of the court and to admit that the sentence is fair and justified under the circumstances of the case" (68 Ill. 2d at 266) flies in the face of the accepted principles applicable to the determination of the appropriate sentence in a criminal case. This holding would, in effect, bind a defendant to accept the sentence imposed regardless of arbitrariness, capriciousness, error in the presentence report, or any other defect upon which it might be based.

A much more intelligent interpretation of the rule, and one more likely to achieve its purpose, would be to construe Rule 604(d) to permit the filing of a motion to vacate the sentence without requiring that the defendant seek leave to withdraw the plea of guilty.