THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SHERMAN GIBSON, Defendant-Appellant.

Fourth District    No. 17581

Opinion filed June 3, 1982.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:
■■ The question we determine here is whether it is error for a trial court to order restitution as part of the sentence under a negotiated plea agreement, without first holding a presentence hearing. We hold that such a hearing is not mandated.

On August 27, 1981, defendant, Sherman Gibson, entered a negotiated plea in the circuit court of Sangamon County, to the offenses of robbery and battery. The plea was accepted by the court after defendant was properly admonished and defendant was sentenced to concurrent terms of probation of 3 years for the robbery conviction and 1 year for the battery conviction and ordered to pay court costs. Additionally the court ordered as conditions for the probation for robbery that defendant serve 72 days in jail and make restitution in the amount of $495. On appeal defendant contends the trial court erred when it imposed as a condition of probation the requirement that defendant pay restitution without first engaging in the statutory mandated procedures which govern the imposition of restitution.

Under section 5—6—3(b)(9) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3(b)(9)), the court may, as a condition of probation, require that a defendant:

> "make restitution in an amount not to exceed actual out of pocket expenses or loss proximately caused by the conduct of the defendant. The court shall, in a pre-sentencing hearing, determine the amount and conditions of payment."

Defendant contends that because no presentencing hearing was held the court could not have possessed information regarding the actual loss to the complaining witness or defendant's financial ability to compensate for any loss. Defendant, however, agreed to the imposition of restitution as part of the plea agreement, and he also orally waived the right to a sentencing hearing.

None of the cases cited by either party deal with the situation at hand where a defendant enters into a negotiated plea of guilty, waives a sentencing hearing, and is ordered to pay restitution. However, in other cases dealing with the necessity of a formal sentencing hearing where a negotiated plea is employed, courts have held such a hearing is not mandated. In *People v. Barto* (1976), 63 Ill. 2d 17, 344 N.E.2d 433, the supreme court stated that the provisions of the Unified Code of Corrections dealing with presentencing reports and sentencing hearings (Ill. Rev. Stat. 1973, ch. 38, pars. 1005—3—1, 1005—4—1) do not preclude the knowing and voluntary waiver of a sentencing hearing by a defendant. The court stated no meaningful purpose would be served by a formal sentencing hearing where there is a negotiated plea and defendant waives the hearing. See also *People v. Cooper* (1975), 33 Ill. App. 3d 367, 342 N.E.2d 413.

■■ By analogy to *Barto*, we conclude that no meaningful purpose would have been served by holding a sentencing hearing here where the plea was negotiated. Furthermore, we find that defendant has waived any right to such a hearing by failing to demand one below. *Barto*; *People v. House* (1981), 98 Ill. App. 3d 304, 424 N.E.2d 412.

Accordingly, the sentence of the circuit court is affirmed.

Affirmed.

WEBBER and MILLS, JJ., concur.