THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CURTIS ISHMON, Defendant-Appellant.

Second District   No. 2—90—0407

Opinion filed May 15, 1991.—Rehearing denied June 13, 1991.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

Charles R. Hartman, State's Attorney, of Freeport (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE REINHARD delivered the opinion of the court:

Pursuant to a negotiated plea agreement, defendant, Curtis Ishmon, pleaded guilty to two informations charging him with the unlawful delivery of a controlled substance pursuant to section 401(c) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(c)). Defendant was sentenced to concurrent terms of three years' imprisonment and assessed a $50 "street value" fine (Ill. Rev. Stat. 1989, ch. 38, par. 1005—9—1.1) for each offense.

Defendant appeals from his sentence only and raises two issues: (1) whether the trial court improperly considered an element inherent in the offense as an aggravating factor in imposing sentence; and (2) whether the trial court should have considered defendant's admission of involvement in other criminal activities as a mitigating rather than an aggravating factor in sentencing.

On November 21, 1989, defendant was charged in two informations with the offense of unlawful delivery of a controlled substance under section 401(c) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(d)). At a hearing held February 27, 1990, the parties presented a limited plea agreement to the trial court. In return for defendant's plea of guilty, the State agreed to recommend concurrent sentences of three years' imprisonment and a "street value" fine of $50 for each offense. Defendant retained the opportunity to argue for a lesser sentence. After advising defendant of the rights he was waiving by pleading guilty, the trial court received a factual basis for the pleas. Defendant then pleaded guilty to the charges, and the trial court accepted his pleas.

At a sentencing hearing conducted March 23, 1990, defendant argued for a sentence of probation. The trial court, however, accepted the State's recommendation and sentenced defendant to concurrent terms of three years' imprisonment and a $50 fine for each offense.

Defendant filed a timely motion to withdraw his guilty plea and vacate the judgments pursuant to Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) raising therein the single contention that his plea was "defective in that it was not intelligently and voluntarily given by the Defendant in that Defendant did not understand the consequences of his plea." On April 19, 1990, a hearing was held during which defendant testified that his defense counsel had told him he would probably receive probation if he pleaded guilty. After hearing arguments by counsel, the trial court noted that it had correctly informed defendant that he could be sentenced to a term of imprisonment and that defendant understood this possibility. The court denied defendant's motion.

■ Before addressing the issues raised by defendant, we first inquire whether we have jurisdiction over this appeal. Although no party has raised this issue, a reviewing court has a duty to consider its jurisdiction and to dismiss the appeal if jurisdiction is wanting. (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440, 490 N.E.2d 1252.) Our inquiry here is prompted by the fact that, although defendant is appealing the propriety of the sentence imposed upon his plea of guilty, he did not file a motion in the trial court seeking reconsideration of the sentence.

In *People v. Wallace* (1991), 143 Ill. 2d 59, the Illinois Supreme Court held that the filing of a motion to reconsider sentence is "a prerequisite" to an appeal from a sentence imposed upon a plea of guilty. Although Supreme Court Rule 604(d) does not, by its own terms, apply to sentencing issues, *Wallace* held that the supreme court's prior

opinion in *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, "effectively broadened" Rule 604(d). (*Wallace*, 143 Ill. 2d at 61.) *Wilk* established that, for a defendant complaining only about his sentence, it is sufficient to file a motion for reconsideration, rather than a Rule 604(d) motion to withdraw the guilty plea, in order to appeal from the sentence. (*Wilk*, 124 Ill. 2d at 109-10, 529 N.E.2d at 224.) *Wallace* clarified *Wilk* in this regard by holding that a motion to reconsider sentence is not only sufficient, but "a prerequisite to an appeal from that sentence." *Wallace*, 143 Ill. 2d at 60.

■ It is important to note that the defendant's failure to file a motion to reconsider his sentence in *Wallace* resulted in dismissal of his appeal, not just a waiver of sentencing issues. (*Wallace*, 143 Ill. 2d at 60-61.) Dismissal is the proper disposition of the appeal where jurisdiction is lacking. (*Ferguson*, 111 Ill. 2d at 436, 490 N.E.2d at 1253.) Therefore, we conclude that the motion to reconsider a sentence imposed on a guilty plea required by *Wallace* is a jurisdictional prerequisite to an appeal from that sentence.

What remains to be determined here is whether defendant's Rule 604(d) motion to withdraw his guilty plea, which did not raise any sentencing issues, satisfies *Wallace*'s jurisdictional requirement of a motion to reconsider the sentence. We believe it does not.

■ ■ We are mindful of the supreme court's admonition in *Wilk* that, "the rules adopted by this court concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions." (*Wilk*, 124 Ill. 2d at 103, 529 N.E.2d at 221.) While the supreme court has held that the requirement of a motion to reconsider a sentence imposed on a guilty plea is an effective broadening of Rule 604(d) (*Wallace*, 143 Ill. 2d at 61), it is clear that the text of Supreme Court Rule 604(d) in its current form bears no relation to sentencing issues. The purpose of a motion to reconsider a sentence is to allow the trial court an opportunity to review the appropriateness of the sentence imposed and to correct any errors. (*Wallace*, 143 Ill. 2d at 61.) The filing of a Rule 604(d) motion to withdraw a guilty plea which does not also raise sentencing issues falls short of meeting this purpose.

■ Additionally, our supreme court's decision in *People v. Stacey* (1977), 68 Ill. 2d 261, 369 N.E.2d 1254, held that, where the defendant sought review of his sentence only, the filing of a motion to withdraw the plea of guilty and vacate the judgment was a condition precedent to an appeal. (*Stacey*, 68 Ill. 2d at 265-66, 369 N.E.2d at 1256-57.) In *Wilk*, however, the supreme court specifically disavowed this holding, stating that, with regard to defendants appealing only the sentence imposed and not their guilty pleas, it is "not necessary

*** to file a Rule 604(d) motion." (*Wilk*, 124 Ill. 2d at 110, 529 N.E.2d at 224.) This bolsters our conclusion that a Rule 604(d) motion is separate and distinct from the motion to reconsider sentence required by *Wallace*.

■ We conclude, therefore, that defendant's filing of a Rule 604(d) motion to withdraw his guilty plea, which did not raise any sentencing issues, cannot act to meet the jurisdictional requirement of a motion to reconsider sentence. While we believe the dimensions, requirements and nature of the motion required by *Wallace* are in need of clarification, this task is more appropriately accomplished through the supreme court's rule-making authority.

Because we have no jurisdiction to hear the instant appeal, it must be dismissed.

Appeal dismissed.

INGLIS and UNVERZAGT, JJ., concur.