THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HILARIO LOPEZ, Defendant-Appellant.

Third District    No. 3—90—0051

Opinion filed January 7, 1992.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Hilario Lopez, pled guilty to first degree murder (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(a)(1)). The trial court subsequently sentenced him to 40 years' imprisonment. The defendant appeals his sentence, arguing that the court failed to give adequate consideration to the nature of the offense and to his rehabilitative potential. We affirm.

Initially, we address the State's argument that this court does not have jurisdiction in the instant case. The State contends, citing *People v. Ishmon* (1991), 213 Ill. App. 3d 653, 572 N.E.2d 383, that after a guilty plea the defendant must file a motion to reconsider his sentence before he can appeal the sentence. The State notes that following sentencing, the instant defendant timely filed a motion to withdraw his guilty plea, but failed to raise any issues regarding his sentence. Then, almost four months after the date he was sentenced, but prior to the hearing on his motion to withdraw his guilty plea, the defendant filed a motion to reduce sentence. Citing *People v. Williams* (1977), 53 Ill. App. 3d 335, 368 N.E.2d 706, the State contends that the motion to reduce sentence was untimely filed and therefore the trial court and this court lack jurisdiction to consider the motion. We disagree with the State's analysis.

Initially, we note that the *Williams* case cited above is inapposite to the instant case. The *Williams* court determined that the defendant's motion to withdraw his guilty plea was filed past the time required by Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)). Thus, the *Williams* court determined that the trial court and the appellate court lacked jurisdiction to entertain the motion once the deadline required by the rule had passed. Such was not the case here. In this case, the defendant timely filed his motion to withdraw his guilty plea. The trial court therefore retained jurisdiction until it ruled on the motion. When the defendant filed his motion to reduce sentence

prior to the hearing on the motion to withdraw, it did not affect the trial court's jurisdiction. Furthermore, we note that even if the defendant's motion to reduce sentence were considered untimely, the State waived any objection by failing to object to the trial court's hearing the motion and by fully participating in the argument on the motion. (See *People v. Eddington* (1984), 129 Ill. App. 3d 745, 473 N.E.2d 103.) We therefore have jurisdiction over this appeal.

We now consider the defendant's sentence. The factual basis for the defendant's plea established that he and the victim, Leonel Leyte, were roommates who worked in the same restaurant. Leyte's dead body was found in the residence he shared with the defendant. He died as the result of an open fracture of the skull exposing a part of the brain. Leyte was also stabbed in the middle of the chest and the lower abdomen, secondary injuries that also would have resulted in death.

A note was found with Leyte's body, apparently in the defendant's handwriting and addressed to their employer. The note explained that the defendant had killed Leyte during a fight they had because Leyte refused to pay the defendant money he owed him for the purchase of marijuana.

The defendant told his nephew that he had killed a man, and the nephew contacted the police. The police apprehended the defendant at O'Hare Airport in Chicago where he was preparing to return to Mexico.

Following his apprehension, the defendant told a police officer that he had stabbed Leyte and hit him in the head with the lid of a toilet tank in a fight over money. The defendant then placed a mattress over Leyte and called his nephew to come and get him. The defendant admitted he was heading for Mexico when apprehended.

The presentence report indicated that the 31-year-old defendant had no prior convictions or arrests. A Mexican national, he had illegally entered the United States in August of 1981. The defendant's first wife had died while giving birth to his first child. He had subsequently married his present wife and had four more children, one of whom had died at the age of three. The defendant was also the father of two other children born out of wedlock. He had been sending money to help support his family in Mexico prior to his arrest. He was a dishwasher at the restaurant where he worked and earned $150 per week. His employer gave his performance and dependability a good rating. The defendant claimed he was drunk at the time he killed Leyte. He did not believe he needed alcohol treatment. Three

letters from persons who knew the defendant in Mexico, which attested to his good character, were attached to the report.

At the sentencing hearing, Father Dan Peters, who met the defendant while he was in the county jail, related that the defendant expressed deep concern for his family. In his statement to the trial court, the defendant expressed remorse as well as concern for his family.

Regarding the defendant's argument that the court erred in sentencing him, we note that sentencing is a matter of judicial discretion, and absent an abuse of that discretion by the trial court, a sentence may not be altered on review. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) When mitigating evidence is before the trial judge, he is presumed to have considered it absent some indication, other than the severity of the sentence itself, to the contrary. *People v. Taylor* (1985), 139 Ill. App. 3d 779, 487 N.E.2d 767.

■ In the instant case, the record reveals that the trial judge was well aware of all the factors the defendant claims the court did not give adequate weight to in sentencing him. These factors included that the defendant was 31 years old with no prior criminal history; that he had suffered the tragic loss of his first wife and a child; and that his family will have difficulties without his support. However, there were also aggravating factors. The trial judge found that the murder was of a brutal and heinous nature. From the description of the victim's wounds, we cannot say we disagree with this characterization. Furthermore, the trial judge recognized that the victim had a wife and five children in Mexico he had been helping support. Included in the presentence report was a statement by the victim's wife, who described the hardship and anguish she and her children have had to face as a result of the defendant's crime. Under the facts of this case, we find no abuse of discretion in the defendant's sentence.

The judgment of the circuit court of Whiteside County is affirmed.

Affirmed.

BARRY and GORMAN, JJ., concur.