(No. 39386.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ISIAH LYONS, JR., Appellant.

*Opinion filed January 19, 1967.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago, (JAMES J. DOHERTY, Assistant Public Defender, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Isiah Lyons was convicted of murder in a Cook County circuit court jury trial and sentenced to 40 to 50 years imprisonment. His direct appeal challenges, on constitutional grounds, the admissibility of his confession. He also claims that, if his confession is inadmissible, the remaining evidence is insufficient to prove him guilty of murder and that certain jury instructions were improper.

On March 9, 1963, Laura Dent was shot and killed while seated at a table near defendant in the 4th Area Police Headquarters building. Defendant was separated from his wife and had been "keeping company" with Mrs. Dent for some three years. In February he and decedent had a fight on the street during which she struck him and he "tripped her down". Apparently as a result of this, decedent complained to the police and, on the day of the shooting, accompanied two officers to the Maxwell Street area where she pointed defendant out and the officers arrested him. He was there searched and a knife found in his pants pocket. Both parties were then taken to the police station arriving about 11:00 A.M. Laura Dent there signed a complaint against defendant for aggravated assault and battery while she, defendant and officer McManigal were seated about a table. The officer then left his chair to get some papers from a nearby brief case.

At this point the trial testimony becomes conflicting. Officer McManigal testified that while getting the papers out of his brief case he heard a shot, looked up and saw defendant holding a gun near decedent's head; that he then twisted defendant's arm behind defendant's back and the gun dropped to the floor. The pistol involved was a .22 caliber derringer. Defendant testified that, when officer McManigal left his chair, decedent took the pistol from her purse and that the gun went off when defendant grabbed her wrists.

Defendant was then taken to another room in the building where he was questioned and admitted that he had taken the gun from the sleeve of the bulky jacket which he had been wearing. Defense counsel has abstracted defendant's testimony as stating he made this admission only after he had been seized by the officer. The record indicates defendant said "He asked me, 'Where did you have that gun?' I wouldn't answer him. 'You must have had that gun up your sleeve.' And he sees me. Yes, yes, yes. I said yes." Since there was no claim that the subsequent confession was coerced, we consider the difference in interpretation of little consequence.

An assistant State's Attorney saw defendant some time after 12:30, ordered lunch for him and interrogated him while awaiting arrival of the food. A confession was then taken by a court reporter, typed up and signed by defendant. Its admission at the trial was objected to only on the ground that an inadequate foundation had been laid and that defendant had not been affirmatively advised of his constitutional rights. No contention is made that defendant requested counsel. The substance of the confession was that defendant had sat there some 15 to 20 minutes thinking about how Laura Dent had broken up his home, "murdered" him and his family, and that he then "lost his mind", took the gun from his sleeve and shot her.

The argument made here that the confession was the

product of duress is completely unsupported by the record. It was not raised in the trial court and cannot be made now. (*People* v. *Jones,* 31 Ill.2d 42; *People* v. *Carter,* 24 Ill.2d 413.) The only suggestion of force, threats or promises lies in the dubious construction of defendant's use of the word "sees", and the assumption that such construction is permissible is of little assistance to defendant in light of the undisputed absence of any other suggestion of mistreatment and the admitted fact that the signed statement was completed within some three hours of the killing.

Since this trial occurred before *Escobedo* v. *Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, and *Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, became the law in Illinois, (see *Johnson* v. *New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882), any failure to advise the defendant of his constitutional rights and the failure to provide him with counsel are only attendant circumstances in deciding whether his confession was voluntary. (*People* v. *Kirk,* 36 Ill.2d 292; *People* v. *Hartgraves,* 31 Ill.2d 375.) The admission of the confession into evidence was not error.

Nor do we believe there to be merit in defendant's contention that he is, at most, guilty of voluntary manslaughter. If defendant intended to kill at the instant he pulled the trigger, absence of premeditation does not prevent him from being guilty of murder. (*People* v. *Slaughter,* 29 Ill.2d 284.) There is no evidence of sudden and intense passion or of serious provocation on the part of the victim sufficient to reduce defendant's crime to voluntary manslaughter. *People* v. *Waldron,* 33 Ill.2d 261.

While defendant now challenges two of the State's instructions which were given to the jury, no objection to the first instruction relating to the justifiable use of force was made at the trial. Although our Rule 25 (Ill. Rev. Stat. 1965, chap. 110, par. 101.25) provides that "substantial defects [in criminal instructions] are not waived by failure to make timely objections thereto if the interests of justice

require," we believe the jury could not reasonably have returned other than a guilty verdict, and therefore hold any error in this instruction has been waived.

The following instruction was given over the defendant's objection:

"The Court instructs the jury, in the language of the statute, that a person who kills another without lawful justification, commits murder, if in performing the acts which cause the death he knows that such acts create a strong probability of death or great bodily harm to that individual or another."

In support of his claim that this instruction was erroneous, defendant cites *People* v. *Miller,* 403 Ill. 561; *People* v. *Edwards,* 389 Ill. 563 and *People* v. *Allen,* 378 Ill. 164. Each of these cases struck down an instruction given on self-defense in terms of the situation as it actually existed, and not in terms of defendant's reasonable belief. As the above quoted instruction was given in terms of defendant's knowledge, it is not subject to the same criticism.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.