(No. 38662.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES CLAY, Plaintiff in Error.

*Opinion filed September 29, 1967.*

18

Ward, J., took no part.

William G. Seils, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and John J. Stamos, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and James A. Stamos, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

The defendant, James Clay, and Ronald Valentine were indicted by the grand jury of the criminal court of Cook County for the crime of rape. Charles Duncan was included in the indictment as an accessory after the fact but he obtained a severance and testified for the State against the defendant and Valentine, who were tried together on May 26, 1958, by the court without a jury and were each found guilty. The defendant was sentenced to the penitentiary for a term of life imprisonment. The defendant and Valentine prosecuted separate writs of error to this court but Valentine's case was transferred to the Appellate Court for the First District which affirmed the judgment of conviction. (*People* v. *Valentine,* 60 Ill. App. 2d 339.) We have retained jurisdiction of the defendant's case because of the presence of a constitutional question with respect to the defendant's confession.

The victim of the assault, an 11-year-old girl, testified that she was accosted by a group of 5 boys and dragged into an alley. She testified that the defendant was the biggest one of the group and that he was the one who tore off her clothes and pushed her to the ground. She further testified that the defendant was the first one to have intercourse with her, that Valentine was the second and that the defendant had intercourse with her a second time after Valentine. The medical testimony was sufficient to establish that a forcible rape occurred and no contention is made on this review as to whether there was penetration or whether the assault was forcible. The defendant's written confession was admitted in evidence without objection and in that confession the defendant admitted conduct sufficient to constitute the commission of forcible rape.

The defendant testified in his own behalf and stated that he and the other boys had told the girl to walk down the alley. He admitted that he pulled her coat off and that he ripped her dress off. He said that he did not have relations with the girl but admitted that he tried to do so. At a later

point in his testimony, referring to other events not relevant here, the defendant prefaced his testimony with the words, "Before we raped this girl  *  *  *."

On this review the defendant first claims that his written confession was involuntary. At the threshold of this question we note that the written confession was admitted in evidence without objection by defendant's appointed counsel. It is the contention of the State that failure to object to the admission of the confession and failure to raise any question as to its voluntary nature in the trial court precludes consideration of this question on review. It is the usual rule that failure to make a timely objection to the admission of evidence in the trial court bars any consideration on review of the question whether the evidence was properly admitted, and this rule has been followed in cases concerning the voluntary nature of a confession. (*People v. Lyons,* 36 Ill.2d 336.) However, in another recent case in which the defendant's attorney had stipulated in the trial court that a confession might be admitted and the defendant claimed in a subsequent post-conviction petition that his confession was obtained by improper means, we considered the question of whether, in the light of *Fay* v. *Noia,* 372 U.S. 391, 9 L. Ed. 2d 837, 83 S. Ct. 822, and *Henry* v. *Mississippi,* 379 U.S. 443, 13 L. Ed. 2d 408, 85 S. Ct. 564, the stipulation by counsel precluded a post-conviction hearing. In that case we determined that the stipulation could properly be considered as a matter of trial strategy and that the waiver of any question concerning the voluntary nature of the confession was a deliberate and intentional act which foreclosed later consideration. (*People* v. *Williams,* 36 Ill.2d 194.) In our opinion the same result must follow here. There was no testimony by either the prosecution or the defense tending in any way to show that the confession was obtained by improper means. Even on this appeal there is no claim that force, duress, threats or promises were used

to obtain the confession, but only that the confession was obtained while defendant was in custody without counsel and before he had been taken before a magistrate. Neither of these facts was sufficient to call for a finding that the confession was involuntary, for the Federal rule of *Mallory* v. *United States,* 354 U.S. 449, 1 L. Ed. 2d 1479, 77 S. Ct. 1356, and *McNabb* v. *United States,* 318 U.S. 332, 87 L. Ed. 819, 63 S. Ct. 608, does not of necessity apply to State prosecutions and the case was tried long before *Escobedo* v. *Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758. Where there was no valid basis for a claim that the confession was involuntary, counsel could properly conclude that it would be futile, and perhaps damaging to the defense to question the admissibility of the confession. In such circumstances the waiver is binding upon the defendant and the question is not open for consideration here.

The defendant's second claim is that the court erred in admitting evidence that defendant made an oral admission. A police officer testified that the defendant told him that he was present at the scene but had nothing to do with the assault. The defendant objected to this testimony on the ground that the State had not given him notice of this statement which he claims was required under the provisions of section 1 of division XIII of the Criminal Code (Ill. Rev. Stat. 1957, chap. 38, par. 729), which provided for notice to a defendant of any confession made before any law enforcement officer. It is a sufficient answer to defendant's contention to note that the statement in question was not a confession but was at most an admission. It is clear that the statute refers only to confessions and not to admissions, and there was no error in permitting this testimony. *People* v. *Stanton,* 16 Ill.2d 459.

Defendant also argues that the court improperly permitted Charles Duncan to testify in behalf of the State. The defendant's objection to this testimony at the trial ap-

pears to have been based upon a claim that Duncan was testifying as to a confession made by the defendant, which was allegedly inadmissible under the above statutory provision. This argument is not advanced on review and the argument here is that Duncan should not have been permitted to testify because his name was not included in the list of witnesses furnished the defendant by the prosecutor prior to trial. The record shows that a severance was not granted to Duncan until the morning of the trial, so that it was not until then that the State knew he would testify for the prosecution. Defendant's counsel also learned at that time that Duncan would·be a prosecution witness. It also appears that the court offered to recess the trial and give defendant's counsel an opportunity to talk to Duncan but counsel stated that he did not wish to talk to him. The trial court has discretion to permit witnesses to testify whose names are not included in a list of witnesses and the exercise of that discretion will not be disturbed unless it appears that the defendant was taken by surprise and the burden of showing this is upon the defendant. (*People* v. *Poland*, 22 Ill.2d 175, 184.) Counsel was given an opportunity to talk to the witness before he continued his testimony and is in no position now to claim that the court erred in permitting him to testify. Even though the point raised at the trial is not pressed here, we must observe that the objection made by counsel at the trial was not sound. The statute on which the objection was based refers only to a confession made to a law enforcement officer or agency. The witness was the employer of the defendant and was not connected with any law enforcement agency and the statute was inapplicable.

The defendant's final contention is that a glove and a knife holder were improperly admitted in evidence. We need not consider whether the admission of these articles was proper, for it appears that they were admitted without objection and the failure to object waived any ques-

tion as to whether such evidence was properly admitted.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.