THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM ARMOUR, Defendant-Appellant.

(No. 69-110; )

Third District—November 12, 1970.

*Rehearing denied December 7, 1970.*

Theodore A. Gottfried, of Defender Project, of Ottawa, for appellant.

Edward R. Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant had pleaded guilty to burglary and was put on probation in 1966. In 1968, defendant William Armour was again indicted for another burglary and following a trial by a jury he was found guilty. As a result, the probation of defendant for the earlier burglary was revoked and he was sentenced on the new conviction to from four to ten years in the penitentiary. Defendant now appeals his conviction under the 1968 case and also the revocation of his probation.

The indictment in the 1968 case was as follows:

> "That on January 13, 1968, in Kankakee County, William Armour, Defendant committed the offense of Burglary in that said defendant did, then and there knowingly without authority, enter into the drug store building known as 'Walgreens Drug Store', the property of Lawrence Richard Plunkett, situated at 236 East Court Street, in the City of Kankakee, in said County and State, with intent to commit therein a theft in violation of Paragraph 19—1, Chapter 38, Illinois Revised Statutes."

Lawrence R. Plunkett, testifying for the State, stated that he was the manager of Walgreen's Drug Store at 236 Court Street in the City of Kankakee, Illinois. He was then asked, "And as manager what right do you exercise over the operation?" Plunkett replied, "I am in complete charge of the store at all times".

During the trial, it was also made known by the State to defendant and counsel for defendant, that the State intended to offer testimony relative to defendant's escape from jail after he was charged with the January, 1968, burglary. Defendant objected to the testimony of two witnesses, who were to testify as to his escape (Sheriff Elmer Nelson and Thomas Lambros) because they were not listed on the State's list of witnesses furnished to the defendant prior to trial. The trial court ruled that even if these two names were not on the list, they could still testify and that the decision as to whether they could testify was within the discretion of the court. The trial judge, however, gave defendant's attorney an opportunity to talk with the two unlisted witnesses prior to their testimony in open court. This offer was refused. The two witnesses testified that defendant sawed the bars and broke out of jail and was apprehended four days later.

In the course of the trial, William Crowell testified for defendant. The trial judge asked the following questions which the witness answered:

"Q. When you use the word, "high" do you mean a fellow is feeling pretty good?
A. Yes.
Q. Not staggering—just feeling a little good?

A. Yes.

Q. I was just wondering what you call high.

A. I know what I am but I don't consider myself the same as anyone else.

Q. I guess that is all. Oh, one more thing—did anybody force Mr. Armour to drink?

A. No.

Q. Did anyone force drinks on him?

A. No."

The witness, William Crowell, also stated that he, Crowell had purchased the drinks for defendant.

■■ The first question for consideration on appeal is whether the trial court committed error in allowing the two witnesses to testify as to defendant's escape from jail when the names of those two witnesses were not on defendant's list of witnesses. Section 114—9, Chapter 38 of Illinois Revised Statutes (1969) provides that the State must, prior to trial, furnish the defendant with a list of the witnesses it will use. In the cause before us the list was furnished defendant on February 23, 1968. Thereafter, on February 26, 1968, defendant escaped from jail.

Defendant contends that the State had a continuing duty to furnish the names right up to the time of trial. The section of the statute referred to, however, has not been rigidly applied to every situation to prevent testimony by witnesses not shown in the list furnished a defendant. A trial judge still has discretion to allow a witness to testify, when the name of the witness is not on the list, even though the State knew the name of the witness prior to trial. In such situations, defendant must show that he was surprised by the fact that the unnamed witness was called. If he can establish that he was so surprised, then it is an abuse of discretion for the trial court to allow such witness to testify. This was the rule under the previous Criminal Code and, as pointed out in *People v. Dilworth*, 67 Ill.App.2d 384, 389, this is still the rule under the new Criminal Code. The court stated that the former section was substantially similar to the new provision. It pointed out that the former statutory provision has been construed to mean that it is within the sound discretion of the trial court to permit witnesses to testify whose names were not endorsed on the indictment and that this discretion will not be reviewed unless it appears that defendant was taken by surprise.

This discretion of the trial judge is strengthened if the trial court allowed defendant an opportunity to talk to an unlisted witness before he testified at the trial. In *People v. Clay*, 38 Ill.2d 17, at 22, the Supreme Court stated that the trial court has discretion to permit witnesses to testify even if their names are not included in the list of witnesses, and

that the exercise of the trial court's discretion will not be disturbed unless it appears that defendant was taken by surprise. The burden of showing such surprise is on the defendant. It was also pointed out in the *Clay* case that counsel was given an opportunity to talk to the witness before he continued his testimony, and that defendant would not be in a position on appeal to claim that the court erred in permitting the witness to testify. Other cases have sustained the discretion of the trial court in allowing testimony from witnesses not listed if there is a showing that defendant was not surprised. (*People v. Bliss*, 44 Ill.2d 363, 255 N.E.2d 405; *People v. Speck*, 41 Ill.2d 177.) In the cause before us there was no element of surprise since defendant knew he escaped from jail as did defendant's attorney. An opportunity was given to defendant's attorney to talk to the two witnesses prior to the time they were called to testify. Defendant's attorney refused such offer. It is also notable that there was no bad faith on part of the State in failing to list the two witnesses since the escape occurred after the original list of witnesses had been furnished to the defendant.

Defendant also contends that it was erroneous to allow any testimony of the escape. In *People v. Gambino*, 12 Ill.2d 29 and *People v. Yonder*, 44 Ill.2d 376, the court pointed out that although evidence of other crimes is generally inadmissible, evidence of escape is proper since it tends to prove motive, design or knowledge on the part of defendant. In *People v. Harper*, 36 Ill.2d 398, cited by defendant, the court did not find that evidence of escape was inadmissible but stated in fact that such evidence was admissible. The difficulty in the *Harper* case was that too much emphasis was placed on evidence of escape in an instruction. This accounted for the reversal. No such problem is present in the cause before us.

■■ A further issue for consideration on appeal in this cause is whether there was a fatal variance between the allegations in the indictment and the proof with respect to ownership or control of the building which was burglarized. Defendant contends that the portion of the indictment which says that defendant entered Walgreen's Drug Store "the property of Lawrence Richard Plunkett" required proof to be presented that Plunkett was the legal title owner of the store. In *People v. Stewart*, 23 Ill.2d 161, the indictment charged defendant with burglary of "a certain building then and there occupied and in possession of Golden Cream Dairy, Inc., a corporation". It was contended that the indictment was defective since it did not allege ownership of the building. The court in that case stated that it had long been held by the Supreme Court of this State that in burglary, ownership may be laid in the occupant whose possession is rightful as against the burglar. It was also pointed out,

that the purpose of the requirement that ownership of the building be stated, was to enable the accused to prepare for trial. The court also stated that the allegation of ownership becomes an empty formality. The premises involved are effectively identified and the rights of the accused are fully protected by an indictment that charges the unlawful entry of a building in possession of another. The court there held the indictment to be sufficient. To the same effect is *People v. Foster*, 30 Ill.2d 106, where the indictment charged that the apartment house was the property of Nickerson and the evidence showed that he in fact was simply a tenant. In the cause before us, Plunkett testified that as manager, "I am in complete charge of the store at all times". This testimony was sufficient to establish proof of occupancy and possession. While the indictment was inartfully drawn and would more properly have been framed if it had referred to the Walgreen Drug Store as being "in possession of and occupied and managed by" Plunkett, the indictment adequately advised defendant and the rights of the accused were fully protected by the indictment under the facts and circumstances in the case.

The final question before this Court is whether the questioning by the trial judge deprived defendant of a fair trial. The questioning of the judge simply asked for clarification as to the meaning of the word "high" and also if anyone forced defendant to drink. On the basis of the record, it is clear that the trial judge was questioning for the purpose of eliciting the truth and to bring enlightenment on material issues in the cause. In the circumstances of this particular case we do not believe that the discretion of the trial judge was abused or that the rights of defendant were prejudiced by such questioning. (*People v. Palmer*, 27 Ill.2d 311, 314-315; *People v. Trefonas*, 9 Ill.2d 92.) We do not believe that the facts in this case in any manner resemble *People v. Martin*, 66 Ill.App.2d 290, where the judge questioned the defendant extensively about his addiction and concerning where he got the money to finance his habit when there was no such issue in the case being tried. The questioning in that case was quite detailed and tended to put defendant in a bad light in the eyes of the jury. We do not find in the record in this cause any such abuse of the court's discretion or prejudice to defendant which would require reversal.

Since we find no reversible error in the record, the judgment of the Circuit Court of Kankakee County will be affirmed.

Judgment affirmed.

RYAN, P. J., and STOUDER, J., concur.