NOTICE: Under Supreme Court Rule 367 a party has 21 days after

the filing of the opinion to request a rehearing. Also, opinions

are subject to modification, correction or withdrawal at anytime

prior to issuance of the mandate by the Clerk of the Court.

Therefore, because the following slip opinion is being made

available prior to the Court's final action in this matter, it

cannot be considered the final decision of the Court. The

official copy of the following opinion will be published by the

Supreme Court's Reporter of Decisions in the Official Reports

advance sheets following final action by the Court.

                                    

           Docket Nos. 80158, 80159 cons.--Agenda 9--May 1996.

      THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. BILLIE J.

    EVANS, Appellee.--THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,

                       v. MICHAEL MEEKS, Appellee.

                    Opinion filed September 19, 1996.

     CHIEF JUSTICE BILANDIC delivered the opinion of the court:

     These two, consolidated appeals concern how Supreme Court Rule

604(d) (145 Ill. 2d R. 604(d)) applies to negotiated guilty pleas.

                                   FACTS

     In People v. Meeks, the State originally charged defendant

Michael Meeks with reckless homicide, robbery, and first degree

murder. Meeks' defense counsel and an assistant State's Attorney

negotiated a plea agreement. Under its terms, Meeks would plead

guilty to the reckless homicide charge; in exchange, the State

would (1) move to dismiss the other two charges, (2) dismiss

several additional charges pending against Meeks in other cases,

and (3) recommend a sentence of 10 years' imprisonment.

     On March 11, 1994, the circuit court of Marion County

conducted a proceeding attended by Meeks, his defense counsel, and

an assistant State's Attorney. Defense counsel orally presented the

terms of the negotiated plea agreement to the circuit court. The

circuit court then carefully complied with Supreme Court Rule 402

(134 Ill. 2d R. 402) by, inter alia, admonishing and examining

Meeks, determining that the plea was knowingly and voluntarily

made, and determining that a factual basis existed for the plea.

Meeks executed a written guilty plea and waiver form, which was

presented to the court. At the conclusion of the hearing, the

circuit court concurred in the negotiated plea agreement and

sentenced Meeks to the recommended sentence of 10 years in prison.

     On April 11, 1994, Meeks filed a written pro se motion to

reduce his sentence. Subsequently, his defense counsel filed an

amended motion requesting that the court reduce Meeks' sentence or,

in the alternative, place him in a rehabilitation facility. The

circuit court conducted a hearing on the amended motion. Defense

counsel explained that the motion did not seek to disturb Meeks'

guilty plea; rather, it sought only to reduce the length of Meeks'

sentence so that he could begin substance abuse treatment. Because

the sentence was the product of a negotiated plea agreement, the

circuit court declined to reduce it.

     Meeks appealed. The appellate court held that, under Rule

604(d), the circuit court was required to exercise discretion when

considering Meeks' motion to reduce his sentence. Consequently, the

appellate court reversed and remanded the cause to the circuit

court. No. 5--94--0583 (unpublished order under Supreme Court Rule

23). We allowed the State's petition for leave to appeal (155 Ill.

2d R. 315; 134 Ill. 2d R. 612(b)) and consolidated this case with

People v. Evans.

     In People v. Evans, the State initially charged defendant

Billie J. Evans with residential burglary, armed violence, and

aggravated unlawful restraint. Evans' defense counsel and an

assistant State's Attorney negotiated a plea agreement. Under its

terms, Evans would plead guilty to the armed violence and

aggravated unlawful restraint charges; in exchange, the State would

(1) move to dismiss the residential burglary charge, and (2)

recommend concurrent sentences of 11 and 5 years' imprisonment for

the armed violence and aggravated unlawful restraint charges, to be

served concurrently with sentences previously imposed in another

county.

     On February 3, 1992, the circuit court of Williamson County

conducted a hearing attended by Evans, his defense counsel, and an

assistant State's Attorney. The assistant State's Attorney orally

presented the terms of the negotiated plea agreement to the circuit

court. The circuit court then carefully complied with Rule 402 by,

inter alia, admonishing and examining Evans, determining that the

plea was knowingly and voluntarily made, and determining that a

factual basis existed for the plea. Evans presented his signed

written guilty plea and waiver form to the court. At the conclusion

of the hearing, the circuit court concurred in the negotiated plea

agreement and sentenced Evans to the recommended prison terms.

     A short time later, Evans' defense counsel filed a motion to

withdraw Evans' guilty pleas, asserting that Evans did not

understand the plea negotiation process. The circuit court denied

the motion after a full hearing. Evans appealed. On grounds not

relevant here, the appellate court affirmed the convictions,

vacated the sentences, and remanded the cause for a new sentencing

hearing. Following remand, the circuit court conducted a new

sentencing hearing in compliance with the appellate court's order.

The circuit court again sentenced Evans according to the terms of

the negotiated plea agreement.

     Evans' defense counsel next filed a written motion for

reconsideration of Evans' sentences. The motion asserted that

Evans' sentences are excessive and should be reduced, mainly

because he is a young man with mental disabilities. Following a

full hearing, the circuit court denied the motion and declined to

reduce Evans' sentences. The circuit court determined, for the

third time, that Evans should serve the prison sentences to which

he had agreed in his plea agreement with the State.

     Evans took a second appeal. The appellate court found that

Evans' defense counsel failed to file a Rule 604(d) certificate. As

a result, the appellate court reversed in part and remanded the

cause to the circuit court for a new hearing. No. 5--94--0100

(unpublished order under Supreme Court Rule 23). We allowed the

State's petition for leave to appeal (155 Ill. 2d R. 315; 134 Ill.

2d R. 612(b)) and consolidated this case with Meeks' case.

                                 ANALYSIS

     The common issue in these consolidated appeals is how Supreme

Court Rule 604(d) applies to negotiated guilty pleas, as opposed to

open guilty pleas.

     In each of these cases, the defendant and the State entered

into a negotiated plea agreement in which the defendant pleaded

guilty to certain charges in exchange for the State's agreement to

dismiss other charges and recommend a specific sentence. The trial

courts accepted the negotiated plea agreements and sentenced the

defendants to the recommended prison terms. Following the trial

courts' entry of judgment, each defendant then sought to reduce his

sentence by filing a motion for sentence reconsideration under Rule

604(d).

     The State challenges the defendants' efforts to reduce their

sentences. The State contends that it is fundamentally unfair for

the defendants to agree to a negotiated plea agreement, obtain the

benefits of that bargain (especially the dismissed charges), and

then separately seek reconsideration of their negotiated sentences.

According to the State, problems concerning plea bargaining

arrangements should be addressed using contract law principles. The

State claims that, where a defendant pleads guilty in accordance

with a negotiated plea agreement, the guilty plea and the sentence

"go hand in hand" as material elements of the plea agreement.

Consequently, the State maintains, for a defendant to challenge

only a sentence imposed as part of a negotiated plea agreement, the

defendant should be required to withdraw his guilty plea, thereby

returning the parties to the status quo. In this regard, the State

asks us to hold that the motion-to-reconsider-sentence provisions

of Rule 604(d) do not apply to negotiated guilty pleas.

     We agree with the State's argument for several reasons. A

review of plea bargaining, guilty pleas, and Rule 604(d) is

conducted while we explain the basis for our agreement.

                    A. Plea Bargaining and Guilty Pleas

     Plea bargaining was once a questionable practice, often not

acknowledged in open court. See 3 ABA Standards for Criminal

Justice §14--65 (2d ed. 1980) (and authorities cited therein).

Since the 1970s, however, the plea bargaining process and the

negotiated plea agreements that result have been recognized not

only as constitutional, but also as vital to and highly desirable

for our criminal justice system. See, e.g., Bordenkircher v. Hayes,

434 U.S. 357, 363-64, 54 L. Ed. 2d 604, 611, 98 S. Ct. 663, 668

(1978); Santobello v. New York, 404 U.S. 257, 260-61, 30 L. Ed. 2d

427, 432, 92 S. Ct. 495, 498 (1971). Accordingly, this court has

stated that "plea bargaining, when properly administered, is to be

encouraged." People v. Boyt, 109 Ill. 2d 403, 416 (1985).

     The typical plea bargain contains an agreement by the

defendant to plead guilty to a certain charge or charges. In

contrast to some past practices, trial courts now accept guilty

pleas "only with care and discernment" (Brady v. United States, 397

U.S. 742, 748, 25 L. Ed. 2d 747, 756, 90 S. Ct. 1463, 1468 (1970)).

See Boykin v. Alabama, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct.

1709 (1969) (holding that due process is violated where a state

court accepts a guilty plea in criminal proceedings without an

affirmative showing, placed on the record, that the defendant

voluntarily and understandingly entered the guilty plea); 134 Ill.

2d R. 402 (requiring, among other things, that plea agreements be

placed on the record, that certain admonitions be given to the

defendant, and that the court determine whether the plea is

voluntarily and knowingly made and whether a factual basis exists

for the plea). Entering a guilty plea is therefore accurately

described as "a grave and solemn act." Brady, 397 U.S. at 748, 25

L. Ed. 2d at 756, 90 S. Ct. at 1468. It is not a "temporary and

meaningless formality reversible at the defendant's whim." United

States v. Barker, 514 F.2d 208, 221 (D.C. Cir. 1975); see People v.

Hale, 82 Ill. 2d 172 (1980). Consequently, leave to withdraw a plea

of guilty is not granted as a matter of right, but as required to

correct a manifest injustice. People v. Hillenbrand, 121 Ill. 2d

537, 545 (1988); see generally 2 W. LaFave & J. Israel, Criminal

Procedure §20.5(a), at 661 (1984) (providing examples).

     Although plea agreements exist in the criminal justice

structure, they are governed to some extent by contract law

principles. People v. Langston, 125 Ill. App. 3d 479, 482 (1984).

Courts must keep in mind that the defendant's "underlying

`contract' right is constitutionally based and therefore reflects

concerns that differ fundamentally from and run wider than those of

commercial contract law." United States v. Harvey, 791 F.2d 294,

300 (4th Cir. 1986), citing Mabry v. Johnson, 467 U.S. 504, 509, 81

L. Ed. 2d 437, 443-44, 104 S. Ct. 2543, 2547 (1984) (due process

clause implicated where broken government promise that induced

guilty plea impaired the voluntariness and intelligence of plea).

As a result, the application of contract law principles to plea

agreements may require tempering in some instances. Harvey, 791

F.2d at 300; see, e.g., People v. Navarroli, 121 Ill. 2d 516, 523

(1988) (holding that due process principles may govern the

enforceability of plea agreements).

     The two cases at bar are appropriate for the application of

contract law principles. As earlier noted, in each of these cases,

the defendant and the State entered into a negotiated plea

agreement in which the defendant pleaded guilty to certain charges

in exchange for the State's agreement to dismiss other charges and

recommend a specific sentence. The trial courts accepted the plea

agreements and entered judgment thereon. Each defendant then

unilaterally sought to reduce his sentence by filing a motion for

sentence reconsideration. In effect, the defendants are seeking to

hold the State to its part of the bargain while unilaterally

modifying the sentences to which they had earlier agreed. Such a

practice flies in the face of contract law principles. See Harvey,

791 F.2d at 300 ("Neither side should be able, any more than would

be private contracting parties, unilaterally to renege or seek

modification simply because of uninduced mistake or change of

mind"). It is also inconsistent with constitutional concerns of

fundamental fairness. See Harvey, 791 F.2d at 300, citing

Santobello, 404 U.S. at 261-62, 30 L. Ed. 2d at 432-33, 92 S. Ct.

at 498. Consequently, the defendants' efforts unilaterally to

reduce their sentences while holding the State to its part of the

bargain cannot be condoned.

     Were we to hold otherwise would be to "encourage gamesmanship

of a most offensive nature" (United States ex rel. Williams v.

McMann, 436 F.2d 103, 106 (2d Cir. 1970)). The accused could

negotiate with the State to obtain the best deal possible in

modifying or dismissing the most serious charges and obtain a

lighter sentence than he would have received had he gone to trial

or entered an open guilty plea, and then attempt to get that

sentence reduced even further by reneging on the agreement. This

would be "nothing more than a `heads-I-win-tails-you-lose' gamble"

(McMann, 436 F.2d at 107). See 2 W. LaFave & J. Israel, Criminal

Procedure §20.5(e), at 669-74 (1984). Prosecutors would be

discouraged from entering into negotiated plea agreements were such

an unfair strategy be allowed to succeed. That result certainly

would not advance our policy of encouraging properly administered

plea bargains.

                       B. Supreme Court Rule 604(d)

     The defendants do not challenge the application of contract

law principles to their negotiated plea agreements. Nonetheless,

they assert that Rule 604(d)'s plain language authorizes them to

file a motion for sentence reconsideration. The State disagrees and

asks us to hold that the motion-to-reconsider-sentence provisions

of Rule 604(d) apply only to open guilty pleas, as opposed to

negotiated guilty pleas.

     Rule 604(d) requires certain post-judgment proceedings in the

trial court before a defendant who has pled guilty can appeal from

the judgment entered upon the guilty plea. It provides in pertinent

part:

               "No appeal from a judgment entered upon a plea of

          guilty shall be taken unless the defendant, within 30

          days of the date on which sentence is imposed, files in

          the trial court A MOTION TO RECONSIDER THE SENTENCE, IF

          ONLY THE SENTENCE IS BEING CHALLENGED, OR, IF THE PLEA IS

          BEING CHALLENGED, a motion to withdraw his plea of guilty

          and vacate the judgment. The motion shall be in writing

          and shall state the grounds therefor. *** The motion

          shall be heard promptly, and if allowed, the trial court

          shall MODIFY THE SENTENCE OR vacate the judgment and

          permit the defendant to withdraw his plea of guilty and

          plead anew." (Emphasis added.) 145 Ill. 2d R. 604(d)

          (emphasized language added April 1, 1992, eff. August 1,

          1992).

The rule further states that, if the motion is denied, the

defendant may appeal. 145 Ill. 2d R. 604(d). Any issue not raised

in the motion to reconsider or to withdraw the plea shall be deemed

waived. 145 Ill. 2d R. 604(d).

     The main purpose behind the promulgation of Rule 604(d) was to

reduce the large number of appeals being taken from guilty pleas.

People v. Wilk, 124 Ill. 2d 93, 103-04, 106 (1988). The rule must

be invoked before an appeal can be taken from a guilty plea. Rule

604(d) was designed to give the trial judge who accepted the guilty

plea and imposed sentence the opportunity to consider the factual

basis upon which the defendant relies to withdraw his guilty plea.

A hearing under Rule 604(d) allows a trial court to correct

immediately any improper conduct or any errors that may have

produced a guilty plea. The rule ensures that fact finding takes

place and a record is made at a time when witnesses are still

available and memories are fresh. If the motion to withdraw the

plea is denied, that decision can be considered on review. If the

motion is granted, the need for an appeal has been eliminated.

Wilk, 124 Ill. 2d at 104. Rule 604(d) therefore accomplishes the

goal of reducing the number of appeals taken from guilty pleas by

requiring post-judgment proceedings in the trial court before an

appeal can be taken.

     As noted, the State contends that the motion-to-reconsider-

sentence provisions of Rule 604(d) (emphasized above) were not

intended to apply to negotiated guilty pleas. We agree.

     This court previously addressed the application of Rule 604(d)

to negotiated guilty pleas in People v. Stacey, 68 Ill. 2d 261

(1977). At the time Stacey was decided, Rule 604(d) provided in

relevant part:

          " `No appeal from a judgment entered upon a plea of

          guilty shall be taken unless the defendant, within 30

          days of the date on which sentence is imposed, files in

          the trial court a motion to withdraw his plea of guilty

          and vacate the judgment.' " Stacey, 68 Ill. 2d at 264,

          quoting 58 Ill. 2d R. 604(d).

This version of Rule 604(d) thus differs from the current version

in that a defendant could never appeal from a guilty plea unless

the defendant first moved in the trial court to withdraw the guilty

plea and vacate the judgment. The defendants in Stacey claimed that

they should not be required to move to withdraw their guilty pleas

because they wished to appeal only their sentences. This court

disagreed and held that Rule 604(d) applies to all guilty pleas,

thereby including both negotiated guilty pleas and open guilty

pleas. Stacey, 68 Ill. 2d at 266. The Stacey court explained:

               "In entering into the plea agreement, the defendants

          recognized that in consideration of the State's dismissal

          or modification of charges, they would plead guilty to a

          certain specific charge or charges and accept what

          punishment the court might impose. The State also agreed

          to the dismissal or modification of charges. It was a

          bargain into which the People and the defendants freely

          entered. The defendants and the State are equally bound

          to adhere to this agreement. TO PERMIT A DEFENDANT TO

          APPEAL ONLY THE SENTENCE WITHOUT REMOVING THE PLEA WOULD

          VITIATE THE AGREEMENT HE ENTERED INTO WITH THE STATE."

          (Emphasis added.) Stacey, 68 Ill. 2d at 265.

The Stacey court therefore ruled that a defendant could not appeal

from a guilty plea unless he first moved in the trial court to

withdraw the guilty plea and vacate the judgment, even if he sought

to challenge only his sentence.

In People v. Wilk, 124 Ill. 2d 93 (1988), this court overruled

 Stacey's interpretation of Rule 604(d) where open guilty pleas are

involved. The same version of Rule 604(d) involved in Stacey was in

effect for Wilk. Wilk addressed the consolidated appeals of four

defendants. The portion of Wilk which concerns us here is

illustrated by defendant Danny Brown's case. See Wilk, 124 Ill. 2d

at 101-02. Brown pleaded guilty to aggravated battery of a child

and was sentenced to seven years in prison. He timely filed a

motion to reconsider his sentence, asserting that the sentence was

excessive. Brown did not file a motion to withdraw his guilty plea

and vacate the judgment in the trial court pursuant to Rule 604(d).

The trial court denied the motion to reconsider. The appellate

court followed Stacey and dismissed Brown's appeal because he had

not filed a motion to withdraw his guilty plea and vacate the

judgment. This court reversed and remanded Brown's case to the

appellate court for a review of his sentence. Wilk, 124 Ill. 2d at

110. This court held that Brown was not required to file a motion

to withdraw his guilty plea and vacate the judgment, because he was

not challenging his guilty plea. See Wilk, 124 Ill. 2d at 109-10.

In other words, the Wilk court allowed Brown to challenge only his

sentence by filing a motion to reconsider the sentence.

     This aspect of Wilk was reaffirmed in People v. Wallace, 143

Ill. 2d 59 (1991). Following Wilk and Wallace, Rule 604(d) was

amended to reflect Wilk's holdings. The present version of Rule

604(d), quoted in relevant part above, now contains the language

allowing the filing of a motion to reconsider the sentence where

only the sentence is being challenged.

     As previously discussed, in each of the cases involved here,

the defendants filed only motions to reconsider their sentences,

which were negotiated as part of a plea agreement. The defendants

assert that Wilk, Wallace, and the present version of Rule 604(d)

clearly permit all defendants who enter guilty pleas to file only

a motion for sentence reconsideration. In contrast, the State

maintains that Rule 604(d)'s motion-for-sentence-reconsideration

provisions were intended to apply only to open guilty pleas. Since

Wallace and the amendment to Rule 604(d), our appellate court has

expressed conflicting views on this issue. Compare People v.

Goodbrake, 255 Ill. App. 3d 833, 837 (1994), with People v. Soles,

226 Ill. App. 3d 944 (1992).

     We agree with the State's position. Our review of Wilk and

Wallace reveals that the pleas involved in those cases were open

guilty pleas. In other words, the defendants pled guilty without

receiving any promises from the State in return. Following a

defendant's open guilty plea, the trial court exercises its

discretion and determines the sentence to be imposed. Both good

public policy and common sense dictate that defendants who enter

open guilty pleas be allowed to challenge only their sentences

without being required to withdraw their guilty pleas. See Wilk,

124 Ill. 2d 93; Wallace, 143 Ill. 2d 59. Wilk thus overruled Stacey

where open guilty pleas are concerned.

     The reasoning utilized by this court in Wilk, however, does

not apply to negotiated guilty plea agreements. We agree with the

State that, under these circumstances, the guilty plea and the

sentence "go hand in hand" as material elements of the plea

bargain. To permit a defendant to challenge his sentence without

moving to withdraw the guilty plea in these instances would vitiate

the negotiated plea agreement he entered into with the State. We

therefore hold that, following the entry of judgment on a

negotiated guilty plea, even if a defendant wants to challenge only

his sentence, he must move to withdraw the guilty plea and vacate

the judgment so that, in the event the motion is granted, the

parties are returned to the status quo. Stacey, 68 Ill. 2d at 265;

People v. Goodbrake, 255 Ill. App. 3d 833, 837 (1994).

Consequently, the motion-to-reconsider-sentence provisions of Rule

604(d) apply only to open guilty pleas.

     In summary, for a defendant to prevail in a challenge to a

sentence entered pursuant to a negotiated plea agreement, the

defendant must (1) move to withdraw the guilty plea and vacate the

judgment, and (2) show that the granting of the motion is necessary

to correct a manifest injustice.

                                     C

     The cases at bar remain to be resolved. In the case of

defendant Michael Meeks, Meeks and the State entered into a

negotiated plea agreement. Under its terms, Meeks pleaded guilty to

the charge of reckless homicide and, in exchange, the State

dismissed five other charges pending against him and recommended a

specific sentence. The circuit court accepted the plea agreement

and entered judgment in accordance with its terms. Subsequently,

Meeks filed a written pro se motion to reduce his sentence. His

defense counsel then filed an amended motion requesting that the

court reduce Meeks' sentence. Because the sentence was the product

of a negotiated plea agreement, the circuit court declined to

reduce it. On appeal, the appellate court reversed and remanded,

directing the circuit court to exercise its discretion to determine

whether Meeks' sentence should be reduced.

     The appellate court was incorrect. There was no error in the

circuit court proceeding. The circuit court correctly ruled that

Meeks was not entitled to a reduction of his negotiated sentence

because it had been bargained for in his plea agreement. As

explained above, Meeks could obtain relief only by moving to

withdraw his guilty plea and vacate the judgment. He would also

have to show that the granting of the motion is necessary to

correct a manifest injustice. He did neither. As a result, Meeks is

not entitled to a reduction of his negotiated sentence. The circuit

court's judgment is affirmed. The appellate court's judgment is

reversed.

     In the case of defendant Billie J. Evans, Evans and the State

entered into a negotiated plea agreement. Pursuant to its terms,

Evans pleaded guilty to two charges and, in exchange, the State

dropped a third charge and recommended specific sentences. The

circuit court accepted the plea agreement and entered judgment in

accordance with its terms. Subsequently, Evans' defense counsel

filed a motion for sentence reconsideration asserting that Evans'

sentences are excessive. The circuit court declined to reduce

Evans' sentences. The circuit court held that Evans should serve

the sentences to which he agreed under the terms of the negotiated

plea agreement. On appeal, the appellate court reversed and

remanded for a new sentencing hearing because counsel failed to

file a Rule 604(d) certificate.

     The appellate court was mistaken. The circuit court's ruling

was correct. As the circuit court explained, Evans was not entitled

to a reduction of his negotiated sentences because they had been

bargained for in his plea agreement. Evans could obtain relief only

by moving to withdraw his guilty pleas and vacate the judgment. He

would also have to show that the granting of the motion is

necessary to correct a manifest injustice. He did neither.

Consequently, Evans is not entitled to a reduction of his

negotiated sentences. The circuit court's judgment is therefore

affirmed. The appellate court's judgment is reversed.

                                CONCLUSION

     In the case of Michael Meeks, the appellate court's judgment

is reversed, and the circuit court's judgment is affirmed. In the

case of Billie J. Evans, the appellate court's judgment is

reversed, and the circuit court's judgment is affirmed.

No. 80158--Appellate court judgment reversed;

                                         circuit court judgment affirmed.

                            No. 80159--Appellate court judgment reversed;

                                         circuit court judgment affirmed.