NOTICE
Decision filed 04/09/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 240455-U

NO. 5-24-0455

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Coles County. |
| | ) | |
| v. | ) | No. 22-CF-437 |
| | ) | |
| DOUGLAS WILSON, | ) | Honorable |
| | ) | Brian L. Bower, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CLARKE* delivered the judgment of the court.
Presiding Justice Cates and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where defendant was given his Rule 605(b) admonishments following sentencing, the admonishment exception to the Rule 604(d) requirement that a defendant file a postplea motion did not apply. Where the admonishment exception to 604(d) did not apply and where the defendant did not file a Rule 604(d) postplea motion, the defendant's appeal must be dismissed.

¶ 2    The defendant, Douglas Wilson, entered an open plea of guilty before the Coles County circuit court on August 21, 2023. On March 1, 2024, the defendant was sentenced to 14 years in the Illinois Department of Corrections. On April 1, 2024, the defendant filed a notice of appeal in the circuit court, and on April 2, 2024, the defendant filed an amended notice of appeal.

_____

*Justice Moore was originally assigned to the panel before his retirement. Justice Clarke was substituted on the panel and has listened to oral arguments and read the briefs.

1

¶ 3                                     I. BACKGROUND

¶ 4     On July 27, 2022, the defendant, Douglas Wilson, was charged by information in Coles County, Illinois, with three counts of aggravated driving under the influence (DUI), a Class 2 felony. 625 ILCS 5/11-501(d)(1)(F) (West 2022). Additionally, the defendant was charged with a misdemeanor charge of driving under the influence. *Id.* § 11-501(a). On August 21, 2023, the defendant entered an open plea of guilty before the circuit court, in exchange for the State dismissing counts II and III from this case, as well as the misdemeanor case. There was no agreement between the State and the defendant as to sentencing.

¶ 5     According to the factual basis presented during the plea, on May 29, 2022, the defendant was driving in rural Coles County, Illinois, at a high rate of speed when he failed to stop at a stop sign and struck the vehicle driven by the victims, James Sutton and Rachel Sutton. Both victims died as a result of the accident. A post-accident blood draw after the defendant was hospitalized indicated that the defendant had a blood alcohol concentration of .177.

¶ 6     On March 1, 2024, after several continuances, a sentencing hearing was held. Following testimony, several victim impact statements, and the defendant's statement in allocution, the circuit court sentenced the defendant to 14 years in the Illinois Department of Corrections, followed by a period of 1-year mandatory supervised release, and a fine of $1,000 plus statutory assessments.

¶ 7     The circuit court then gave defendant his appeal rights, stating:

        "THE COURT: Mr. Wilson, you do have a right to appeal. However, prior to taking

        an appeal, you must, within 30 days of the date of which your sentence is imposed, which

        is today's date, file your written motion asking the Court to withdraw your guilty plea,

        presenting the grounds or the reasons for that motion. That must be in writing.

2

If the motion were to be allowed, the judgment would be vacated and a trial date will be set on the charges which the guilty plea was made. Upon request from the State, any charges dismissed would be reinstated and set for trial.

You could also file a motion, which must be filed in writing within 30 days, asking this Court to reconsider its sentence. That motion must contain all grounds or reasons why you believe this Court erred in its sentence.

If you are indigent, a copy of the transcript of the proceedings at the time of the guilty plea would be provided without cost to you, and an attorney would be appointed to assist you with the preparation of motions. If you are indigent, a copy of the transcript of the proceedings at the time of the sentencing would be provided without cost to you and an attorney would be appointed to assist you with the preparation of those motions.

If any appeal is taken from the judgment on the guilty plea, any issues or claims of error not raised in your motion to vacate the judgment and withdraw the guilty plea will be waived. If any appeal is taken upon your sentence, any issues or claims of error that are not raised in your motion to reconsider sentence will be waived."

¶ 8    Following the sentencing hearing, neither the defendant or his attorney filed a postplea motion to withdraw guilty plea or a motion to reconsider sentence. Instead, on April 1, 2024, the defendant filed a notice of appeal in the circuit court, and filed the next day, April 2, 2024, an amended notice of appeal to correct an issue related to counsel of record in the first notice of appeal.

¶ 9                                      II. ANALYSIS

¶ 10    On appeal, the defendant raises two claims of error. First, the defendant claims that he was improperly admonished by the circuit court regarding his appeal rights. Second, the defendant

3

argues that his plea counsel was ineffective for failing to perfect his appeal by requesting that the circuit clerk file a notice of appeal without first having filed any postplea motions as required by Illinois Supreme Court Rule 604(d) (eff. Dec. 7, 2023).

¶ 11    The defendant's first argument is that the circuit court did not substantially comply with Illinois Supreme Court Rule 605(b) (eff. Dec. 7, 2023) when it admonished him as to his appeal rights. Specifically, the defendant contends that the circuit court failed to properly admonish him that, prior to taking an appeal challenging his sentence, he must have first filed a written motion requesting the circuit court to reconsider his sentence. Therefore, the defendant argues that he should be allowed to file new postplea motions under the admonishment exception to Rule 604(d). The State responds that the admonishment exception to Rule 604(d) does not apply because, after sentencing, the circuit court substantially complied with Rule 605(b) when it advised the defendant of the procedural steps required to perfect an appeal. Therefore, the State argues, the defendant is not entitled to the relief he is seeking. We review *de novo* whether the circuit court substantially complied with the postplea admonition requirements of Illinois Supreme Court Rule 605(b). *People v. Dominguez*, 2012 IL 111336, ¶ 13.

¶ 12    We begin our analysis by noting that there are two main intersecting Illinois Supreme Court rules at issue in this case. The first is Illinois Supreme Court Rule 604(d), which provides in relevant part that

> "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. Dec. 7, 2023).

4

The second is Illinois Supreme Court Rule 605(b), which requires that

"[i]n all cases in which a judgment is entered upon a plea of guilty, other than a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the sentence will be modified or the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(b) (eff. Dec. 7, 2023).

5

¶ 13    The Illinois Supreme Court outlined the intersection of these rules in *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003), where it explained that

"[t]he filing of a Rule 604(d) motion is a condition precedent to an appeal from a judgment on a plea of guilty. [Citation.] The discovery that a defendant has failed to file a timely Rule 604(d) motion in the circuit court does not deprive the appellate court of jurisdiction over a subsequent appeal. [Citation.] As a general rule, however, the failure to file a timely Rule 604(d) motion precludes the appellate court from considering the appeal on the merits. Where a defendant has failed to file a written motion to withdraw his plea of guilty or to reconsider his sentence, the appellate court must dismiss the appeal [citation], leaving the Post-Conviction Hearing Act as the defendant's only recourse [citation].

This rule is not without exceptions. Dismissal of an appeal based on a defendant's failure to file the requisite motions in the trial court would violate due process if the defendant did not know that filing such motions was necessary. [Citation.] Accordingly, Supreme Court Rule 605 [citation] mandates that the trial court advise defendants, at the time sentence is imposed, of the procedural steps Rule 604(d) requires them to take in order to appeal. If the trial court fails to give the admonishments set forth in Rule 605 and the defendant subsequently attempts to appeal without first filing the motions required by Rule 604(d), the appeal is not dismissed. Instead, the appropriate course is to remand the cause to the trial court for strict compliance with Rule 604(d). [Citations.]"

¶ 14    Regarding the admonishment requirement, the Illinois Supreme Court further explained in *People v. Dominguez*, 2012 IL 111336, ¶¶ 17-22, that

"[t]he use of the word 'shall' means that it is mandatory that defendants be admonished under Rule 605(c), and this interpretation has been consistently applied by this court.

6

[Citations.] In interpreting the meaning of 'substantially advise,' the language of the rule is similarly clear. The rule does not say that the court must 'completely' inform a defendant 'as follows' of the requirements, nor does it say that the court must 'strictly read verbatim' from the rule. Rather, it uses the term 'substantially advise.'

In determining the plain, ordinary, and popularly understood meaning of a term, it is entirely appropriate to look to the dictionary for a definition. [Citation.] 'Substantially' is the adverb form of 'substantial.' According to Merriam-Webster's Collegiate Dictionary, 'substantial' means: '5: being largely but not wholly that which is specified.' Merriam-Webster's Collegiate Dictionary 1174 (10th ed. 1998). Although 'substantial' is not defined in Black's Law Dictionary, the related term 'substance' is: '1. The essence of something; the essential quality of something, as opposed to its mere form <matter of substance >.' Black's Law Dictionary 1565 (9th ed. 2009).

Thus, under its plain and ordinary meaning, 'substantially' in the rule does not require a strict verbatim reading of the rule so as to 'substantially advise' defendants of its contents. Rather, the court must impart to a defendant largely that which is specified in the rule, or the rule's 'essence,' as opposed to 'wholly' what is specified in the rule.

\* \* \*

\*\*\* [I]n a Rule 605(b) or (c) setting, where a trial court *has* substantially complied with the rule so as to impart to the defendant the *substance* of the rule, automatic remand is not necessary. The rule need not be 'strictly' administered, *i.e.*, it need not be read nearly verbatim. [Citation.] \*\*\* [' "]Although the trial court is not required to use the exact language of the rule, the admonitions are insufficient where the trial court leaves out the substance of the rule." ' [Citation.] Rather, we conclude that the court must 'substantially'

7

advise a defendant under Rule 605(c) in such a way that the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence. So long as the court's admonitions were sufficient to impart to a defendant the essence or substance of the rule, the court has substantially complied with the rule." (Emphases in original.)

¶ 15    The question that remains before this court, then, is whether, in this instance, the circuit court's admonitions imparted such notice to the defendant. The admonishment that the defendant claims was insufficient, both in his briefing before the court and in his oral argument, were those related to providing notice that, before an appeal may be taken, a postplea motion (specifically a motion to reduce sentence) must be filed with the circuit court.

¶ 16    Illinois Supreme Court Rule 605(b)(2) is the admonishment that explains the postplea filing requirements of a motion to reduce sentence. The substance of the admonishment requires that a defendant be apprised (1) that prior to taking an appeal (2) the defendant must file in the trial court, (3) within 30 days of the date on which sentence is imposed, (4) a written motion asking to have the trial court (5) reconsider the sentence (6) or to have the judgment vacated and for leave to withdraw the plea of guilty, (7) setting forth the grounds for the motion. Ill. S. Ct. R. 605(b)(2) (eff. Dec. 7, 2023).

¶ 17    The admonishment that the defendant received from the trial court related to the postplea motions is as follows:

"THE COURT: Mr. Wilson, you do have a right to appeal. However, prior to taking an appeal, you must, within 30 days of the date of which your sentence is imposed, which is today's date, file your written motion asking the Court to withdraw your guilty plea, presenting the grounds or the reasons for that motion. That must be in writing.

8

If the motion were to be allowed, the judgment would be vacated and a trial date will be set on the charges which the guilty plea was made. Upon request from the State, any charges dismissed would be reinstated and set for trial.

You could also file a motion, which must be filed in writing within 30 days, asking this Court to reconsider its sentence. That motion must contain all grounds or reasons why you believe this Court erred in its sentence.

If you are indigent, a copy of the transcript of the proceedings at the time of the guilty plea would be provided without cost to you, and an attorney would be appointed to assist you with the preparation of motions. If you are indigent, a copy of the transcript of the proceedings at the time of the sentencing would be provided without cost to you and an attorney would be appointed to assist you with the preparation of those motions.

If any appeal is taken from the judgment on the guilty plea, any issues or claims of error not raised in your motion to vacate the judgment and withdraw the guilty plea will be waived. If any appeal is taken upon your sentence, any issues or claims of error that are not raised in your motion to reconsider sentence will be waived."

¶ 18    As noted above, for the circuit court to have substantially advised the defendant, it must have imparted to the defendant the essence or substance of the rule, but it is not required to do so verbatim. The court needs only to convey the relevant information. Here, it is clear that the defendant received the relevant information for both the motion to reconsider sentence and the motion to withdraw guilty plea.

¶ 19    The primary difference between the admonishment the defendant received and the text of the rule is the circuit court's phrasing. The circuit court first admonished the defendant regarding

9

a motion to withdraw the guilty plea. It then separately advised that he "could also file a motion" to reconsider the sentence, rather than using Rule 605's "or" language.

¶ 20 In his briefing of the issues before this court, the defendant focused on the word "could," arguing that the circuit court "told Wilson he 'must' file a motion to withdraw guilty plea to preserve an appeal, and separately, that he 'could' file a motion to reconsider sentence." The defendant, moreover, argues that the admonition did not present the motions as alternatives to one another, and that, since the defendant did not want to withdraw his plea but only modify his sentence, the admonition's implication that he must do both was incorrect. The defendant cites *People v. Young*, 387 Ill. App. 3d 1126 (2009), and *People v. Braden*, 2018 IL App (1st) 152295, arguing that they stand for the proposition that where the wrong admonishments were given, or were incomplete, the case must be remanded.

¶ 21 We find this argument unpersuasive as those cases are distinguishable from the present case. In *Young*, the court gave the open plea admonishment where the defendant had entered a negotiated plea; meanwhile, in this case, the court gave the correct open plea admonishment. *Young*, 387 Ill. App. 3d at 1129. Additionally, in *Braden*, the court only gave an admonishment on challenging the sentence, whereas here, the court gave admonishments about both challenging the sentence and vacating the guilty plea. *Braden*, 2018 IL App (1st) 152295, ¶ 29.

¶ 22 Additionally, it is clear from the text of the whole admonishment given by the circuit court that the motion to withdraw guilty plea and the motion to reconsider sentence are two separate motions. The court first set out the requirements of Rule 605(b)(2) when admonishing the defendant about a motion to withdraw the guilty plea. It then restated those same requirements when addressing a motion to reconsider the sentence. This repetition further shows that the motions were treated as separate. The court also gave the Rule 605(b)(6) admonishment regarding waiver

of claims twice, once in connection with the motion to withdraw the guilty plea and again in connection with the motion to reconsider the sentence. Therefore, we find that the circuit court substantially complied with the admonishment requirements of Rule 605(b) and, consequently, we find that the defendant is not entitled to relief under the admonishment exception. Though we find substantial compliance under the specific facts of this case, we note the best practice regarding admonishments would be to simply read the applicable subsection of Rule 605 verbatim. In doing so, sentencing courts can avoid any question as to the sufficiency of the admonishments given.

¶ 23    Because the defendant is not entitled to relief under the admonishment exception, we must now turn to the defendant's second argument on appeal, that he was denied effective assistance of trial counsel when counsel failed to perfect his appeal. Specifically, the defendant argues that if he was admonished under Rule 605(b), his plea counsel's performance was deficient because his plea counsel's failure to file a 604(d) motion caused the forfeiture of the defendant's appeal rights. He therefore argues that this case should be remanded to the circuit court, and he requests that he be allowed to file new postplea proceedings. The State responds, arguing that where the defendant's failure to file a Rule 604(b) motion is not encompassed within the Rule 605 admonishment exception, the appeal must be dismissed, leaving only the Post-Conviction Hearing Act as the defendant's remedy.

¶ 24    We begin our analysis of this claim of error by noting that the Illinois Supreme Court addressed a similar situation in *People v. Wilk*, 124 Ill. 2d 93, 105-07 (1988), where it stated:

"We agree that an attorney who stands with his client in a criminal proceeding, hears the admonishments of the court required by Rule 605(b), and fails to adhere to Rule 604(d) by moving to withdraw the plea prior to filing a notice of appeal has fallen short of providing competent representation. There are appropriate disciplinary measures in our

11

State for this conduct. The defendant, through no fault of his, is deprived of a right to be heard in the appellate court. Such assistance of counsel, coupled with the denial of appellate review, raises effective assistance of counsel constitutional questions. Furthermore, many of the grounds for withdrawal of guilty pleas, consideration of which is denied because of counsel's failure, themselves may raise constitutional questions.

*** [However,] [t]his court has held that compliance with Rule 604(d) is a condition precedent to an appeal. [Citation.] We adhere to the holding in [*People v.*] *Stacey*[, 68 Ill. 2d 261 (1977)] insofar as it establishes that a Rule 604(d) motion is a condition precedent to the appeal of a plea of guilty. Accordingly, we hold that the appellate court properly dismissed the appeals by [the defendants]. This holding, however, does not leave these defendants without a remedy.

The appropriate remedy lies in our Post–Conviction Hearing Act [(725 ILCS 5/122-1 *et seq.* (West 2022))]."

¶ 25    It is clear from the record that the defendant and his counsel have failed to file the required Rule 604(d) postplea motion. Further, we have previously found that the circuit court's Rule 605(b) admonishments to the defendant substantially complied.

¶ 26    Therefore, consistent with the Illinois Supreme Court's opinion in *Wilk*, where the admonishments that were given to the defendant substantially complied with the Rule 605(b) requirements and a failure to file a Rule 604(d) postplea motion occurred, we find that the defendant's appeal must be dismissed. Subsequently, consistent with Illinois Supreme Court precedent set forth in *Wilk*, we do not evaluate whether defendant's counsel was ineffective at this time. Instead, the defendant may pursue his claims, if desired, pursuant to the Post-Conviction Hearing Act.

12

¶ 27                                    III. CONCLUSION

¶ 28    Where the circuit court substantially complied with admonishment requirements under Rule 605(b), the admonishment exception to Rule 604(d) did not apply. Where neither the defendant nor his counsel, after being admonished about the requirement, filed a Rule 604(d) postplea motion, the defendant's appeal must be dismissed, leaving the Post-Conviction Hearing Act as the defendant's only recourse for an ineffective assistance of counsel claim.

¶ 29    Appeal dismissed.